OPINION. Murdock, Judge: Brass Rail and Dairy purchased some show horses and also some show dogs. They contend that they obtained those animals for advertising purposes. The Commissioner has disallowed all deductions claimed in connection with the ownership and use of the animals, and his principal contention seems to be that they were obtained, not for advertising the two chains of restaurants, but for the personal pleasure of DeLucia. Apparently, the petitioners’ claim that the dogs and horses were acquired and used for advertising purposes overtaxes the Commissioner’s credulity, and that is understandable in view of the fact, inter alia, that most of the shows in which the horses were exhibited were in places remote from Pittsburgh rather than before local audiences who might possibly be attracted to the chain, of restaurants by the exhibition of the horses. There is no question of amounts and the totals are not large in relation to the business sales and income. Decision of all of the issues having to do with the ownership and use of these animals depends upon whether Brass Rail and Dairy honestly intended to acquire and use the animals for advertising purposes and continued to use them for that purpose, or whether “advertising” was merely a thin cloak for the pursuit of a hobby by DeLucia. Cf. Aptos Land & Water Co., 46 B. T. A. 1232. The reasonableness or unreasonableness of the expenditures in relation to the business is one test of that intent. The Commissioner must depend largely, if not entirely, upon circumstantial evidence to support his contention, because there is no direct showing that DeLucia had as a hobby the ownership and exhibiting of dogs and horses. There is direct evidence, on the other hand, that the horses were acquired for advertising purposes and also that they were used for that purpose. The evidence, as a whole, leaves considerable doubt, but it preponderates slightly in the petitioner’s favor, and findings have been made that the claimed deductions are allowable. This disposes of the issues listed above as 1,2,3,4, 5, and the last part of 10. Another question has to do with the maintenance and operation of an automobile owned by Brass Rail and with the salary of a chauffeur who operated the automobile. The Commissioner, in determining the deficiencies, took the position that 40 per cent of the use of the automobile was for business purposes and 60 per cent was personal use by DeLucia. He allowed Brass Rail to deduct 40 per cent of the expenses and 40 per cent of the depreciation on the automobile, and for the year 1941 he added the remaining 60 per cent of each item to the income of DeLucia. He attempts to justify adding the amounts, to the income of DeLucia upon the theory that they represent additional compensation. They would, as additional compensation to DeLucia, nevertheless, be deductible by Brass Rail. The evidence is clear that Brass Rail owned and operated the automobile solely for the benefit of DeLucia in his conduct of the business of the company. The entire amounts expended by Brass Rail are deductible. While DeLucia did not use the automobile exclusively for business purposes, nevertheless, the nonbusiness uses during the taxable years 1942 and 1943 were so small that they may be disregarded for present purposes. Cf. R. Golden Donaldson, 18 B. T. A. 230. DeLucia made some personal use of the automobile and he has failed to show that such use during 1941 was inconsequential. An allocation between business and nonbusiness use is necessary, Cohan v. Commissioner, 39 Fed. (2d) 540, and although the evidence does not show how much of one use there was and how much of the other, a finding has been made that 10 per cent was nonbusiness use. It follows that DeLucia should deduct only 90 per cent oí bis expenditures.in connection with the chauffeur, and that the equivalent of 10 per.peht of the cost of operating the automobile and 10 per cent of therdepreciation for 1941 was properly included in his income as additional compensation from Brass Rail, being the approximate value of his-personal use of the car. The remaining issue is whether Brass Rail is entitled to deduct as ordinary and necessary business expense the amounts expended on liquor for the entertainment of persons who supplied the company with goods. The amount is not large in relation to the purchases of the company, and the evidence, such as it is, preponderates in favor of the petitioner, with the result that it is entitled to the deduction claimed. Cf. I. Goldman, 12 B. T. A. 874; F. L. Bateman, 34 B. T. A. 351. Decisions will be entered under Rule 50.