HOLMES ENTERPRISES, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9346–76.    Filed October 26, 1977.

*Towner Leeper,* for the petitioner.
*Charles N. Woodward,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $660 in petitioner's Federal corporate income tax for the fiscal year ending August 31, 1973. The issues are (1) whether petitioner is entitled to a business expense or loss deduction for an automobile seized by and forfeited to the United States because of use in an illegal activity; (2) whether petitioner is allowed to deduct legal fees incurred in contesting the forfeiture of its asset; and (3) whether petitioner is allowed a depreciation deduction for the forfeited automobile.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioner is a Texas corporation whose principal place of business is El Paso, Tex. Petitioner timely filed its Federal corporate income tax return for the fiscal year ending August 31, 1973, with the Internal Revenue Service Center in Austin, Tex.

Petitioner is an active corporation engaged in the business of selling and servicing electric motors and related products. Jack E. Holmes (hereafter Holmes) is and was at all times relevant the sole owner and president of petitioner Holmes Enterprises, Inc. Petitioner is a substantial going concern with valuable inventories, receivables, realty, and other assets. Among those assets was a 1972 Jaguar sedan, model XJ–6. The Jaguar was purchased on October 8, 1971, for $8,600. Although the automobile was purchased and held in the petitioner's name, petitioner's employee Holmes used the car personally. Petitioner and respondent have stipulated that 25 percent of the car's use was personal, and we presume that 75 percent of the car's use was business.

On October 11, 1972, Jack E. Holmes and two other individuals were arrested for possession of 189 pounds (approximately 84.37 kilograms) of marijuana. When arrested, Holmes was using the Jaguar to transport his marijuana. He was indicted on one count of conspiracy to possess marijuana and one count of possession with intent to distribute. Holmes pleaded not guilty and was convicted by a jury on both counts. Initially he was sentenced to 5 years' imprisonment on each count with the suspension of one of the 5-year terms. The sentence was later reduced to 4 years' imprisonment to be served on weekends and a $5,000 fine.

Because the Jaguar was used to transport marijuana in violation of Federal laws, it was seized and subjected to forfeiture proceedings under 49 U.S.C. secs. 781–788 (1970). Petitioner unsuccessfully contested the forfeiture, spending $3,000 on legal fees. On its Federal corporate income tax return, petitioner claimed as business expense deductions both its adjusted basis in the Jaguar, $4,711.42, and $3,000 in legal fees incurred in the unsuccessful defense of petitioner's property. Petitioner also claimed a depreciation deduction on its car in the amount of $2,355.71, which apparently reflects depreciation on the adjusted basis of the car for the entire taxable year in issue.

Petitioner contends that it has incurred a deductible expense or loss on the forfeiture of its automobile and in the amount of legal fees paid to defend title to the automobile. Petitioner also contends that it is entitled to prorate between corporate and

personal use depreciation and operating expenses on the automobile. Respondent contends that the legal fees paid to defend petitioner's automobile are not ordinary and necessary business expenses but are in the nature of a capital expenditure, increasing the basis of the forfeited car. Thus the legal fees are deductible only to the extent that the basis of the Jaguar is deductible. With respect to the deduction of the automobile itself, respondent contends that the forfeiture is neither an ordinary and necessary business expense nor a loss. Specifically, the forfeited item is not a business expense item but a capital item; and it is a nondeductible loss because petitioner has failed to prove its inability to obtain reimbursement for the forfeiture from its employee Holmes. Alternatively, respondent argues that the forfeited Jaguar is nondeductible under section 162(f)[1] or otherwise because its allowance would frustrate a sharply defined national policy against the sale or possession of marijuana.

The cost of defending or perfecting title to business property is not deductible as a business expense. *United States v. Hilton Hotels Corp.*, 397 U.S. 580 (1970); sec. 1.263(a)–2(c), Income Tax Regs.; see sec. 263(a). Such costs are instead capitalized, increasing the basis of the property involved, and recovered either through the depreciation of that basis or by reducing the gain or increasing the loss realized upon sale of the property. See *Brown v. Commissioner*, 215 F.2d 697 (5th Cir. 1954), affg. on this point 19 T.C. 87 (1952). The legal fees of $3,000 deducted by petitioner should have been capitalized. They were paid to defend petitioner's title to the Jaguar in the forfeiture proceedings. The extent to which petitioner's legal expenditures are recoverable therefore depends on the disposition of the underlying asset (the Jaguar) itself.

We do not consider the forfeiture of property, albeit business property, to be an ordinary and necessary business expense. See *Holt v. Commissioner*, 69 T.C. 75 (1977). See also *Fuller v. Commissioner*, 213 F.2d 102 (10th Cir. 1954), affg. 20 T.C. 308 (1953); *Hopka v. United States*, 195 F. Supp. 474 (N.D. Iowa 1961). Rather, it is a loss. *Holt v. Commissioner, supra;* see *Fuller v. Commissioner, supra;* cf. *Mazzei v. Commissioner*, 61 T.C. 497

---

[1]Unless otherwise stated, all statutory references refer to the Internal Revenue Code of 1954.

(1974) (theft of cash in a scheme to counterfeit U.S. currency treated as a loss item); *Richey v. Commissioner*, 33 T.C. 272 (1959) (same); *Levy v. Commissioner*, 30 T.C. 1315, 1330 (1958) (amount paid for rights to a story outline, which rights were subsequently abandoned, treated as a loss item). Whether the forfeiture in this case resulted in a loss within the meaning of section 165(a) and section 1231(a) is an interesting but unnecessary question; we consider the loss nondeductible for public policy reasons.[2]

Loss deductions are disallowed where the deduction would frustrate a sharply defined national or state policy. *Fuller v. Commissioner, supra; Holt v. Commissioner, supra; Mazzei v. Commissioner, supra; Richey v. Commissioner, supra*. In *Holt v. Commissioner, supra*, the taxpayers sought to deduct as business expenses or losses properties forfeited under the provisions of 49 U.S.C. secs. 781–788 (1970). Like the automobile forfeited in this case, the properties in *Holt* had been used by the taxpayer-husband to illegally transport marijuana. Although the properties forfeited were used in the taxpayer's stipulated trade or business of marijuana trafficking, we held them to be nondeductible losses. In so holding we found a sharply defined national policy against the possession and sale of marijuana. We need only add that our finding applies equally to the taxable year in issue here.

Petitioner contends, however, that it is a separate, taxable entity, distinct from its employee Holmes. Thus, although the loss may be nondeductible for public policy reasons if realized by Holmes, there is no public policy reason to disallow the loss to petitioner who was an innocent party to the crime upon which the loss is founded. We recognize that petitioner is a separate, taxable entity. However, because Holmes is both petitioner's sole shareholder and president, we do not think petitioner is a wholly innocent bystander. Through Holmes, petitioner knew of and fully consented to the illegal use of its automobile. Cf. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435 (1934). We are not faced with a situation in which petitioner was unaware of the illegal and unauthorized use of its forfeited asset by its employee. Petitioner knew what was happening and made no

---

[2] We do note, however, that losses generally are nondeductible where reimbursement by insurance or otherwise is available. Sec. 165(a); sec. 1.165–1(a), Income Tax Regs.

efforts to prevent its employee from using the Jaguar for illegal purposes.

Petitioner's reliance on *Commissioner v. Tellier*, 383 U.S. 687 (1966), for the deductibility of the legal fees is misplaced. In *Tellier*, the taxpayer sought a business expense deduction for legal fees incurred in the unsuccessful defense of a criminal prosecution relating to his business. The Commissioner conceded that the fees were ordinary and necessary business expenses. The only question was whether the allowance of a deduction would frustrate public policy. The Supreme Court allowed the deduction because it is not against public policy to deduct legal fees as ordinary and necessary business expenses.

The legal fees involved in this case are not ordinary and necessary business expenses, however. They are a capital expenditure which increased the basis of the property forfeited. Such expenditures are normally nondeductible without regard to public policy. See *United States v. Hilton Hotels Corp., supra.* And it would be improper to allow the deduction merely because it is not against public policy to employ an attorney to defend the title to property. We realize that because the Jaguar was forfeited, the legal fees will never be recovered. But neither will the rest of petitioner's adjusted basis in the Jaguar be recovered; and that basis surely reflects other expenditures, such as cost, that do not violate public policy. We disallow the loss not because the acquisition or preservation of the asset violates public policy but because the property was forfeited for its illegal use.

Because we have found the forfeiture to result in a loss disallowed under section 165, we need not consider respondent's contention that the deductions should be disallowed under section 162(f).

Finally, it must be decided whether and to what extent petitioner is allowed a deduction for depreciation and operating expenses of the forfeited automobile for the taxable year in issue. Respondent concedes that petitioner is entitled to depreciate the car for the period during which petitioner retained actual use of it. We agree. When the government seized petitioner's Jaguar, it was no longer available for petitioner's use. Hence the deductions claimed for depreciation and operating expenses of the Jaguar are allowable only while petitioner retained possession of the car. Cf. *Algernon Blair, Inc. v. Commissioner*, 29 T.C. 1205, 1221 (1958).

Petitioner retained use of the Jaguar from September 1, 1972, to October 11, 1972. Because the business use of the automobile was 75 percent, that percentage of depreciation and operating expenses is allowable for the above period of time. See *Rodgers Dairy Co. v. Commissioner*, 14 T.C. 66 (1950).

*Decision will be entered under Rule 155.*