ALEXANDER VON HAFFTEN AND SEBELLE HARDEN VON HAFFTEN, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14960–79. Filed May 21, 1981.

*Dan L. Shehi,* for the petitioners.
*Daniel P. Ramthun* and *Catherine L. Wong,* for the respondent.

FORRESTER, *Judge*: Respondent has determined deficiencies in petitioners' Federal income tax for the calendar years 1975 and 1976 in the respective amounts of $3,840.51 and $3,598.72. Concessions having been made, the sole issue for decision is whether petitioners are entitled to deduct legal expenses incurred in defense of a suit for breach of contract, specific performance, promissory estoppel, and fraud, arising out of a purported sale of petitioners' property, where the sale is not consummated.

### FINDINGS OF FACT

All of the facts have been stipulated and are so found.
Petitioners are husband and wife who resided in San Francisco, Calif., at the time the petition herein was filed. They timely

filed joint Federal income tax returns for the taxable years in issue with the Internal Revenue Service Center at Fresno, Calif.

Prior to and during the years in issue, petitioners were the owners of several rental properties from which they derived substantial income. One of these was a house located in Los Angeles, Calif. (hereinafter the Los Angeles property). Petitioners never used this property as a personal residence.

During 1974, petitioners entered into negotiations with Paul and Petra Dorris regarding the sale of the Los Angeles property. Negotiations lasted several months and included considerable written correspondence, but no written contract. In January 1975, the petitioners informed Paul and Petra Dorris that they were unwilling to sell the Los Angeles property. As a result of these events, on or about June 17, 1975, Paul and Petra Dorris sued the petitioners in the Superior Court of California for specific performance, breach of contract, promissory estoppel, and fraud. Petitioners disputed the allegations of the complaint and filed a motion for summary judgment in the action.

On November 12, 1976, the Superior Court of California issued a summary judgment in favor of petitioners. In defense of this litigation, petitioners incurred and paid legal expenditures of $7,353.81 in 1975, and $7,028.93 in 1976.

Petitioners deducted these legal expenditures on Schedule A of their Federal income tax returns for the years incurred and paid. Respondent has determined that these are capital expenditures within the meaning of section 263[1] and thus are not allowable deductions.

OPINION

Petitioners argue that the legal expenses at issue were incurred for the conservation of property held for the production of income,[2] and are thus deductible under section 212(2). Respondent, on the other hand, likens the expenses to costs of defending or perfecting title to property, which are clearly nondeductible capital expenditures and serve only to increase

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. as amended and in effect during the taxable years in issue.

[2]There is agreement among the parties that the Los Angeles property is in fact property held for the production of income.

petitioners' basis therein. Sec. 263; secs. 1.212–1(k), 1.263(a)–2(c), Income Tax Regs.; *United States v. Hilton Hotels Corp.*, 397 U.S. 580 (1970).

Whether an expense is treated as capital or ordinary is determined with reference to the "origin and character" of the claim itself, and not to the taxpayer's prospective motives in pursuing it and giving rise to the expenditure. *Woodward v. Commissioner*, 397 U.S. 572, 577 (1970); *United States v. Gilmore*, 372 U.S. 39 (1963).

Petitioners maintain that the instant case is factually equivalent to *Ruoff v. Commissioner*, 277 F.2d 222 (3d Cir. 1960), revg. 30 T.C. 204 (1958). In that case, the taxpayer's property had been seized under the Trading with the Enemy Act. Agreeing with Judge Forrester's "exhaustive analysis," the Third Circuit reversed the Tax Court, concluding that the attorney's fees were not incurred in defense of title. Thus, it allowed a deduction for attorney's fees incurred to recover the property.

*Ruoff v. Commissioner, supra,* was decided several years before the Supreme Court enunciated the origin and character of the claim test. *United States v. Gilmore, supra.* No longer are labels such as defense of title crucial to the determination of the nature of an expenditure. The foundation of our decision must be an analysis of the basis for the claim necessitating the expenditure and the transaction out of which it arose. *Woodward v. Commissioner, supra.*

We suspect that had *Ruoff v. Commissioner, supra,* been decided today under the origin and character of the claim test, the Tax Court would have reached a different result. This is so because the essence of that litigation was not the acquisition or disposition of property, but the taxpayer's status under the Trading with the Enemy Act.[3] See *BHA Enterprises, Inc. v. Commissioner,* 74 T.C. 593 (1980). Notwithstanding, we find petitioners' reliance on *Ruoff v. Commissioner, supra,* misplaced. The litigation at issue herein arose out of the disposition of petitioners' property. See, e.g., *Redwood Empire S. & L. Assoc. v. Commissioner,* 68 T.C. 960 (1977), affd. 628 F.2d 516 (9th Cir.

---

[3]We have been able to locate only one recent case before this Court with facts similar to those in *Ruoff v. Commissioner*, 277 F.2d 222 (3d Cir. 1960), revg. 30 T.C. 204 (1958). *Holmes Enterprises, Inc. v. Commissioner*, 69 T.C. 114 (1977). Holding that to allow a deduction for legal expenses would be contrary to public policy, this Court never reached the issues presented in *Ruoff v. Commissioner, supra.*

1980) (litigation expenses arising out of the sale of property held capital); *Boagni v. Commissioner*, 59 T.C. 708 (1973) (legal fees for collection of accumulated royalties deductible while those incurred to determine rights under a partition agreement held capital); *Arthur H. DuGrenier, Inc. v. Commissioner*, 58 T.C. 931 (1972) (legal fees incidental to the sale of stock held capital); *Reed v. Commissioner*, 55 T.C. 32 (1970) (legal fees incurred to obtain reconveyance of property and perfect title to property held capital); *Spangler v. Commissioner*, 323 F.2d 913 (9th Cir. 1963), affg. a Memorandum Opinion of this Court (costs of a suit to recover stock which taxpayer was fraudulently induced to sell and dividends thereon held capital).

The focus of the petitioners' litigation in the Superior Court of California was, like the cases cited above, the property itself. The petitioners' business conducted on that property was of no relevance in that lawsuit. No questions were raised other than whether petitioners would be entitled to retain the Los Angeles property, notwithstanding that they were the lawful owners at the inception of that litigation. Petitioners' dispute with Paul and Petra Dorris was born out of petitioners' voluntary negotiations for the sale of the Los Angeles property. The transaction underlying the litigation was the sale by petitioners of that property. Clearly, amounts expended by petitioners for legal fees in connection with defending a suit, inter alia, for specific performance and breach of contract arising out of negotiations for, and a purported sale of, petitioners' income-producing property, are capital expenditures under section 263 and not currently deductible under section 212 because the origin and character of the transaction from which they arose were capital in nature. See *Redwood Empire S. & L. Assoc. v. Commissioner*, 68 T.C. 960, 976–978 (1977), and cases cited therein.[4]

Moreover, although our research has revealed no case directly on point with the particular facts presented, there is a closely analogous line of cases—those concerning the expenses of resisting condemnation—which we consider applicable to the instant litigation. *Madden v. Commissioner*, 514 F.2d 1149 (9th Cir. 1975), revg. 57 T.C. 513 (1972); *Soelling v. Commissioner*, 70

---

[4]We can imagine a "worst case" in which a perfect stranger commences some action which threatens taxpayer's title and necessitates defense expenditures. We are not faced with that question in the instant case and express no opinion on its outcome.

T.C. 1052 (1978). Cf. *BHA Enterprises, Inc. v. Commissioner*, 74 T.C. 593 (1980).

In either resisting condemnation or resisting an action for specific performance of a land sale contract, there is no question that the party so resisting has good title to the property. In each case, the taxpayer is merely trying to prevent a taking, in one situation by the Government and in the other by a private party. Moreover, if they are successful in the litigation under either circumstance, the petitioners' basis is enhanced, but the value of the property itself is not increased.

The rule in this Court, as well as the Ninth Circuit, to which an appeal in this case would lie, is that the origin and character of the claim in resistance of condemnation actions are capital in nature. *Madden v. Commissioner, supra; Soelling v. Commissioner, supra.* We believe that the facts presented herein require the same result.

Accordingly,

*Decision will be entered for the respondent.*