G. KENT STEARNS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stearns v. Commissioner
Docket No. 13216-81
United States Tax Court
T.C. Memo 1984-97; 1984 Tax Ct. Memo LEXIS 574; 47 T.C.M. (CCH) 1182; T.C.M. (RIA) 84097; February 29, 1984. G. Kent Stearns, pro se. Janice Chenier Taylor, for the respondent FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,015.99 in petitioner's 1979 Federal income tax. After concessions, the issues for decision are as follows: (1) Whether petitioner is entitled to a deduction for automobile expenses as business expenses under section 162 [1] in any amount greater than that allowed by respondent; and (2) Whether petitioner used certain camera equipment, a telephone answering machine, and a calculator in his trade or business and, if so, whether he is entitled to a deduction for depreciation under section 167 and an investment tax credit under section 38 for those items. *576 For the sake of simplicity, we shall first state the general facts and then combine our Findings of Fact and Opinion with respect to each of the issues. 1. General
At the time he filed his petition in this case, petitioner resided in New Orleans, Louisiana. During 1979, the year at issue, petitioner was employed as an associate professor with joint academic appointments in the Departments of Management and Marketing, and Hotel, Restaurant and Tourism Administration at the University of New Orleans (UNO). He conducted his classes on Tuesdays and Thursdays and spent the remainder of his time doing research, arranging and handling continuing legal education seminars, attending professional meetings, and the like. 2. Automobile Expenses
On his 1979 income tax return, petitioner claimed an automobile expense deduction of $1,575.25 consisting of $1,480 in mileage expense, using the standard mileage rate, and $95.25 in parking fees and tolls. When he prepared his return, petitioner calculated the amount of his local business mileage as follows: He estimated that during 1979 he drove his car approximately 20,000 miles and that 40 percent of the total mileage, or 8,000 *577 miles, was allocable to business mileage. He then multiplied that mileage by the prevailing standard 18.5 cents per mile, arriving at the $1,480 automobile expense. In conjunction with the audit of his 1979 return sometime in 1981, petitioner prepared a reconstruction of his 1979 business mileage which appears in the record as a document entitled "1979 Est. of Business Mileage." This document, prepared by petitioner after examining his appointment calendar for 1979, reflects petitioner's estimate of his business mileage for 1979 as 13,412 miles. In the notice of deficiency, respondent disallowed $977.25 of petitioner's automobile expense deduction, thus, allowing a deduction of $598 for approximately 3,232 business miles. [2] The first issue we must decide, therefore, is whether petitioner is entitled to an automobile expense deduction in an amount any greater than that allowed by respondent. The burden is on petitioner to prove that respondent's determination is erroneous, Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). We hold that petitioner has carried that *578 burden and is entitled to a larger deduction. Respondent grounds his argument in support of his disallowance of the deduction on the premise that, because petitioner kept no log or other documentation of his local business mileage for 1979, he is unable to substantiate his claim; thus, he should not be allowed to deduct any more than respondent has allowed. Respondent cites section 1.162-17(d), Income Tax Regs., which deals with substantiation of items of employee business expense. Specifically, section 1.162-17(d)(2), Income Tax Regs., provides that: "The Code contemplates that taxpayers keep such records as will be sufficient to enable the Commissioner to correctly determine income tax liability * * *." Section 1.162-17(d)(3), Income Tax Regs. *579 , provides, however, that: "Where records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence * * *." Further, all of the business mileage claimed by petitioner constitutes local transportation, not travel away from home; thus, his mileage expenses are not subject to the strict substantiation requirements of section 274(d). [3]
Petitioner's straightforward testimony at trial and his detailed mileage reconstruction based in part on his appointment calendar are sufficient, in our opinion, to provide a basis from which to make a reasonably reliable estimate and finding of his local business mileage. Respondent did not introduce any evidence at trial tending to discredit petitioner's testimony or mileage reconstruction. We conclude that petitioner is allowed to deduct business mileage of 10,482 miles falling into four categories: A. Trips to Baton Rouge, Louisiana (200 mile round trip from petitioner's *580 home) -- a total of 7,400 miles. 31 trips in order to do research on the topic of employee performance appraisal at the Louisiana State University (LSU) library, the primary library of the LSU system of which UNO, petitioner's employer, is a part. Petitioner chose to go to the LSU library because neither UNO nor the New Orleans Public Library had as extensive a collection with respect to petitioner's research topic as LSU. 4 trips to the LSU campus for meetings with people from LSU's Continuing Education Division to discuss setting up continuing education seminars of a type with which petitioner had previous experience. 2 trips to attend meetings of the Board of Regents, the governing board of education of the State of Louisiana. Respondent urges that, in addition to the lack of substantiation, petitioner should be denied a deduction for the trips for the Board of Regents meetings because petitioner did not participate in these meetings; thus, they are not "ordinary and necessary" in that they are not sufficiently related to petitioner's trade or business of a college professor. Petitioner testified, however, that although he did not participate at the meetings, issues *581 pertinent to UNO were discussed at the meetings and he stood ready to participate if need be. From his testimony, we infer that he had been authorized to speak on behalf of UNO. Based on this testimony, we find that petitioner's attendance at the meetings was sufficiently related to his trade or business to allow him a deduction for this business mileage. Petitioner claimed an additional 800 miles for four trips to committee meetings of the Louisiana State Legislature for "hearings in areas that I had some interest in." We find that petitioner is not entitled to a deduction for these trips because he has failed to show a business purpose for his attendance at these meetings, i.e., he has not shown that attendance at the hearings had any substantial relationship to his work as a professor. B. Continuing Education Seminars -- a total of 2,072 miles. During 1979, petitioner was co-director of certain continuing education seminars held at the Fountain Bay Hotel. Petitioner was responsible for setting up the seminars, arranging for speakers to come from various parts of the country and then conducting the seminars. These responsibilities were not part of his regular UNO duties; *582 he received additional compensation for this work. Clearly, petitioner's seminar work is closely related to his professional trade or business, and he is entitled to deductions for ordinary and necessary expenses incurred in doing that work. Indeed, respondent does not argue that he is not. Thus, we find that petitioner may deduct the following mileage in conjunction with the seminars: 44 [4] trips for 40 seminar days plus 4 planning days involving 40 miles per round trip from petitioner's home to the hotel for a total of 1,760 miles. 13 trips to airport to pick up speakers involving 24 miles per round trip from hotel to the airport, a total of 312 miles. C. Grocery Price Survey Research -- a total of 570 miles. During 1979 petitioner participated in a grocery price survey in which grocery prices were compared for some 200 grocery stores in the New Orleans area. Petitioner conducted training sessions for some of the people involved in the survey; he did some *583 of the surveying himself; and he did the evaluations of the survey, incurring mileage in picking up the survey material. This activity was connected with petitioner's position at UNO's Department of Management and Marketing, and the mileage he incurred in conjunction with this activity is deductible as follows: 5 training sessions involving 50 miles per round trip, a total of 250 miles. 200 miles driven by petitioner while doing the survey. 3 evaluation sessions involving 40 miles per round trip, a total of 120 miles. D. Attendance at Business Meetings -- a total of 440 miles. Petitioner attended several professional meetings in conjunction with his position at UNO's Department of Hotel, Restaurant and Tourism Administration. He gave talks to the Front Desk Association and to a group of hotel accountants. He also made business calls to Loyola University, Wendy's, the Hyatt Hotel, and Ogden Foods. On his mileage reconstruction sheet, petitioner estimated 440 miles driven in conjunction with these activities. We hold that petitioner is entitled to a deduction for this travel. 3. Depreciation and Investment Tax Credit
On his 1979 income tax return, petitioner *584 deducted $495.01 for depreciation and claimed an investment tax credit of $209.72 with respect to camera equipment, a telephone answering machine, and a calculator. Respondent disallowed both the depreciation deduction and the investment credit. For the reasons stated below, we conclude that petitioner is entitled to a depreciation deduction and an investment credit for the camera equipment; however, he is not entitled to the deduction and credit for either the telephone answering machine or the calculator. A. Camera equipment. In 1979, petitioner purchased the following camera equipment: Item
Price
Cannon A-1 camera and lens
$621.40
Tripod and copy stand
260.84
Auto bellows and lenses
849.16
TOTAL
$1,731.40
Petitioner purchased this equipment because camera equipment is not furnished by UNO due to a lack of funds. He uses this equipment only in connection with his UNO teaching duties. Petitioner takes pictures and makes slides which he uses as visual aids during his lectures. At trial, petitioner showed the Court examples of the types of slides he uses for teaching, e.g., slides showing a computer keyboard, a computer program, and a dot matrix print *585 for use in petitioner's course in computer programming; slides of Cancun, Mexico, for use in petitioner's course on tourism development; and slides of Austrian coins, a passport, an international driving permit, and Austrian mountain ranges for use in UNO's foreign study program in Innsbruck, Austria, in connection with the tourism courses. Petitioner does not use any of this camera equipment for personal purposes. In fact, petitioner has a different camera for personal use, a Mamyia Sekor purchased in 1969. Petitioner has never taken any personal or family photographs with the camera equipment here at issue. Pursuant to section 167(a)(1), [5] a taxpayer is "allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in the trade or business * * *." As our Findings of Fact demonstrate, the camera equipment at issue was used by petitioner only in connection with his teaching duties at UNO. He never made any personal use of the equipment. Thus, we conclude that the equipment was "used [by petitioner] in the trade or business" and *586 petitioner is entitled to a deduction for depreciation of the camera equipment. Respondent contends that the camera equipment is not an "ordinary and necessary" business expense and, therefore, petitioner should not be allowed the deduction for depreciation. Whether the property in issue is a kind of property that is usually or customarily used in the business in which a taxpayer is engaged may be relevant to the issue to be decided. But that is not the controlling test for depreciation deductions. Section 167 requires only that the property be "used in the trade or business" or be "held for the production of income." In the light of the undisputed testimony, we have concluded that petitioner's camera equipment was used exclusively in his trade or business; thus, respondent's argument is without merit or proper legal foundation. *587 [6]
In view of our holding that petitioner is allowed a depreciation deduction for the camera equipment, it follows that he is also entitled to an investment *588 tax credit for the equipment. Section 38(a) as amplified by section 48(a)(1) allows a credit against income tax for investment in certain tangible personal property as to which depreciation is allowable and which has a useful life of 3 years or more. According to Forms 3468, Computation of Investment Credit, and 4562, Depreciation, attached to petitioner's 1979 income tax return, petitioner stated that the useful life of the camera equipment is 7 years. Respondent does not challenge this claim. Thus, the camera equipment meets the requirements of sections 38 and 48 and petitioner is, therefore, entitled to an investment credit for the equipment. B. Telephone Answering Machine and Calculator. In 1979, petitioner purchased a telephone answering machine and a calculator for a total of $365.85. There is nothing in the record to indicate what the answering machine and calculator cost individually. Petitioner testified that he purchased the answering machine for the "prime purpose" of receiving telephone messages from his students when he was not at home. Petitioner had a telephone *589 available for messages at UNO from 8:00 a.m. to 4:30 p.m. After 4:30 p.m., however, students could only reach petitioner at home. Because students are in class all day, petitioner testified that he believed that the "prime time" that they would need to get in touch with him, their professor, would be at night when they were working on problems. Petitioner's testimony on this issue is not convincing. Although he stated that he used the answering machine exclusively in his business activities, he also admitted on cross examination that his friends called him at home. Given the availability of his UNO office telephone to his students until 4:30 p.m. each school day, we are not satisfied that the main use of the machine was not to record personal messages. While it is true that property which is used substantially for both trade or business and personal purposes may be depreciated according to the percentage of trade or business useage, see e.g., Motel Co. v. Commissioner,340 F.2d 445, 448-449 (2d Cir. 1965), affirming a Memorandum Opinion of this Court; Holmes Enterprises, Inc. v. Commissioner,69 T.C. 114, 119 (1977), *590 petitioner has not met his burden of providing us with enough information to make an apportionment between business and personal use. Thus, we conclude that petitioner is not entitled to a depreciation deduction for the answering machine. With respect to the calculator, petitioner has not met his burden of proving that he is entitled to a depreciation deduction. As stated above, we are unable, from the record before us, to determine how much the calculator cost separately. Further, and most significant, petitioner offered no evidence, with the exception of one isolated statement, that he used the calculator for business purposes exclusively. He offered no details as to how he used the calculator in his business. On brief, petitioner argues that he used the calculator for paper and exam grading; however, petitioner's statements in his brief do not constitute evidence from which we can decide the case. Thus, petitioner is not entitled to a depreciation deduction for the calculator. It follows in view of our conclusion that petitioner is not entitled to a depreciation deduction, neither *591 is he entitled to an investment credit in respect of either the answering machine or the calculator because the items are not depreciable. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rules references are to the Tax Court Rules of Practice and Procedure unless otherwise noted.↩
2. This mileage figure does not appear in the notice of deficiency. We have calculated it by dividing $598, the amount of the deduction allowed, by 18.5 cents per mile, the standard mileage rate applicable in 1979. Respondent does not contend that any part of the mileage here in dispute involves commuting.↩
3. See Ward v. Commissioner,T.C. Memo. 1979-165; Barry v. Commissioner,T.C. Memo. 1978-250↩.
4. In his mileage reconstruction, petitioner claimed 80 trips for 40 seminar days. We are allowing only 40 trips because petitioner has failed to explain why 80 trips were required to attend 40 seminar days.↩
5. SEC. 167. DEPRECIATION. (a) General Rule.--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- (1) of property used in the trade or business * * *↩
6. Indeed, given the definition of "necessary" in Welch v. Helvering,290 U.S. 111 (1933) as "appropriate and helpful" to a taxpayer's business, the camera equipment was appropriate and helpful to petitioner in carrying out his professional duties as a college professor. With respect to "ordinary", the Supreme Court has explained that the principal function of the term "ordinary" is to clarify the distinction between those expenses that are currently deductible and those that are in the nature of capital expenditures, which if deductible at all, must be amortized over the useful life of the asset. Commissioner v. Tellier,383 U.S. 687, 689-690 (1966). In this sense, petitioner's expenditure for the camera equipment is not ordinary but is concededly capital in nature. By arguing that to be depreciable an expenditure must be ordinary, respondent misconceives the difference between currently deductible business expenses under sec. 162 and depreciable capital expenses under sec. 167↩.