RICHARD L. and KAREN A. FERN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fern v. Commissioner
Docket No. 26951-82.
United States Tax Court
T.C. Memo 1985-351; 1985 Tax Ct. Memo LEXIS 277; 50 T.C.M. (CCH) 441; T.C.M. (RIA) 85351; July 18, 1985. *277 During the year at issue, P was a leasing manager for an automobile dealership, and he incurred certain entertainment expenses. In addition, P was provided with the use of various vehicles by his employer. Held: (1) Amount of P's deductible business entertainment expenses determined. (2) P's use of employer-provided vehicles results in income to P; amount determined. (3) Ps are liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence. Merle R. Flagg, for the petitioners. Deborah A. Butler, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioners' Federal income tax for 1980 of $2,286.10 and an addition to tax of $114.30 pursuant to section 6653(a) of the Internal Revenue Code of 1954. [1] After concessions, the issues for decision are: (1) To what extent are the petitioners entitled to deduct entertainment expenses; (2) whether the petitioners received additional income as a result of their personal *279 use of motor vehicles provided to Mr. Fern by his employer; and (3) whether the petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Richard and Karen Fern, husband and wife, were legal residents of Irving, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1980 with the Internal Revenue Service Center, Austin, Tex. Mr. Fern will sometimes be referred to as the petitioner. During 1980, the petitioner was employed as the leasing manager for Frank Parra Chevrolet, Inc., in Irving, Tex., and was paid based on commissions. In connection with his employment, he paid for meals for himself and certain individuals with whom he did business. During 1980, the petitioner kept a calendar on which he recorded his business expenses. However, the calendar was subsequently lost. During 1980, the petitioner was provided with the use of various demonstrator *280 vehicles by his employer. The petitioner was not required to and did not pay his employer for the use of such vehicles during 1980, and the rental value of such vehicles was not included in the income reported by the petitioner for that year. The petitioner used the vehicles provided to him by his employer to make sales calls and for commuting to and from work. During this period, the petitioner lived approximately 2 to 3 miles from work. During 1980, the petitioners used a vehicle provided by the petitioner's employer for at least one long personal trip, and they also used various vehicles to tow their boat since their car did not have a trailer hitch. Occasionally, the petitioner's wife used a company vehicle for shopping trips. The petitioner did not keep any records concerning the number of miles that the company vehicles were driven. On their 1980 income tax return, the petitioners claimed travel and entertainment expenses in the amount of $2,194,00, a deduction for "referral fees" in the amount of $300.00, a deduction for "business expenses & entertainment at lake, boat expenses & etc." in the amount of $1,120.80, and a deduction for "office space in home, office furnishings, *281 supplies & etc." in the amount of $1,836.00. In his notice of deficiency, the Commissioner disallowed all such claimed deductions, except that he allowed some of the petitioners' claimed home office expenses. In addition, he determined that the petitioners received $1,727.88 in income as a result of their use of vehicles provided to the petitioner by his employer. The Commissioner also determined that the petitioners were liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. At trial, the petitioners conceded certain deductions claimed on their 1980 return, including $1,776.00 of their claimed deduction for home office expenses (the amounts disallowed by the Commissioner), the $300.00 deduction which had been claimed as "referral fees," and the $1,120.80 deduction which had been claimed as "business expenses & entertainment at lake, boat expenses & etc." They also conceded their liability for the addition to tax under section 6653(a) insofar as such addition was attributable to their claimed home office expenses and boat expenses. OPINION The first issue for decision is to what extent are the petitioners entitled *282 to deduct entertainment expenses. Section 162(a) provides a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. However, such deductions are limited by the provisions of section 274. Section 274(a) restricts such deductions to those entertainment expenses "directly related to, or * * * associated with, the active conduct of the taxpayer's trade or business," but section 274(e)(1) excepts business meals from the requirements of section 274(a). In any event, section 274(d) limits deductions for business meals to those items with respect to which-- the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * Section 1.274-5(c), Income Tax Regs., provides the rules for substantiation of each of the elements of the expenditures *283 required by section 274(d). Under such rules, an element may be substantiated by contemporaneously made written records. In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish such element by his own oral or written statement, containing specific information in detail as to such element, and by other corroborative evidence sufficient to establish such element. Sec. 1.274-5(c)(3), Income Tax Regs. In enacting section 274(d), the intent of Congress was to "insure that no deduction is allowed solely on the basis of * * * [a taxpayer's] own unsupported, self-serving testimony." S. Rept. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741; Dowell v. United States,522 F.2d 708, 712 (5th Cir. 1975); Deely v. Commissioner,73 T.C. 1081, 1101-1102 (1980). We have carefully reviewed each of the 89 receipts submitted by the petitioner, together with his testimony and that of the witnesses called by him, to substantiate his claimed business entertainment expenses. We conclude that the petitioners have adequately substantiated business entertainment expenses in the amount of *284 $1,024.52, and we hold that such amount is deductible. The remainder of the petitioner's claimed business entertainment expenses were not adequately substantiated. See Gilman v. Commissioner,72 T.C. 730 (1979); Rutz v. Commissioner,66 T.C. 879 (1976); Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Many of the receipts do not show the place where the claimed business entertainment took place. Many others do not show the complete date so that we do not know whether the expense was incurred in 1980 or in some other year. When a receipt shows that three or four meals were purchased and the names of the persons entertained, and when the business relationship is established in some manner, we have allowed the claimed deduction in full. However, in those cases where a receipt shows that 6 to 11 persons were in attendance, we have not allowed the cost of any of the meals since the petitioner has not shown that such expenses were legitimate business entertainment. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). *285 The petitioner likewise failed to prove that claimed expenses for gasoline or 12-1/2 pounds of live fish were for legitimate business entertainment. The second issue for decision is whether the petitioners received additional income in the amount of $1,727.88 as a result of their personal use of motor vehicles provided to Mr. Fern by his employer. The petitioners contend that their personal use of the company vehicles was minimal. However, the evidence before us does not support that contention. The petitioner used the company vehicles to commute to work, to go on at least one long personal trip, and to two his boat. Although the petitioner's wife only occasionally used a company vehicle for shopping, the aggregate of the petitioners' use of such vehicles was more than minimal. On the other hand, the petitioner did use the company vehicles as demonstrators, a clear business purpose, but he had kept no records to indicate the extent of business or personal use of the vehicles. Since we are satisfied that the vehicles were in part used for business purposes, we will not tax him on the entire *286 rental value of their use; instead, we will apply the principle of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We will resolve the doubts against the petitioner since he created the problems by his failure to keep adequate records concerning the use of the vehicles, and we hold that 50 percent of the use was for personal purposes and that the petitioner is taxable on one-half of the amount determined by the Commissioner, or $863.94. Cohan v. Commissioner,supra at 543-544; see Dole v. Commissioner,43 T.C. 697, 707 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965); Rodgers Dairy Co. v. Commissioner,14 T.C. 66, 73-74 (1950). The final issue for decision is whether the petitioners are liable for an addition to tax under section 6653(a).Such section provides an addition to tax of 5 percent of the underpayment of tax if any portion of such underpayment is due to negligence or to an intentional disregard of rules and regulations. The petitioners bear the burden of proving that the addition to tax does not apply. Rule 142(a); Bixby v. Commissioner,58 T.C. 757, 791 (1972). *287 Since the petitioners have conceded that a part of the underpayment was due to negligence, they are liable for the addition to tax with respect to the entire underpayment. Abrams v. United States,449 F.2d 662, 663-664 (2d Cir. 1971); Bianchi v. Commissioner,66 T.C. 324, 335 (1976), affd. without published opinion 553 F.2d 93 (2d Cir. 1977). Moreover, the petitioners claim, made on brief, that they employed a certified public accountant to prepare their 1980 return and that they relied on his knowledge of the tax laws to correctly compute their income tax liability is completely unsupported by the record. The record discloses only that the petitioners' return contains a preparer's signature; the record contains no information with respect to what the petitioners told the preparer or what documents they provided to him. Furthermore, we have determined that the petitioners claimed numerous entertainment expenses to which they were not entitled. Gilman v. Commissioner,72 T.C. at 751. Accordingly, we hold that the petitioners are liable for the addition to tax under section 6653(a). Decision will be entered under *288 Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1980.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩