T.C. Memo. 1996-284


UNITED STATES TAX COURT


TIMOTHY DEMITRI BROWN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2121-95.                    Filed June 19, 1996.


Timothy Demitri Brown, pro se.

Richard L. Hunn, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


RUWE, Judge:  Respondent determined a deficiency in petitioner Timothy Demitri Brown's (Mr. Brown) 1993 Federal income tax in the amount of $14,156 and an accuracy-related penalty under section 6662(a)[1] in the amount of $1,656.[2]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of
                                        (continued...)

After concessions, the issues for decision are: (1) Whether Mr. Brown is entitled to a loss deduction in the amount of $30,900 for currency that was seized by Louisiana law enforcement officials pursuant to a civil forfeiture statute; (2) whether Mr. Brown is entitled to a Schedule E loss deduction in the amount of $5,000 for a deposit he made on a townhouse; (3) whether Mr. Brown is entitled to claim a deduction for a theft loss in the amount of $22,300; and (4) whether Mr. Brown is liable for self-employment taxes under the provisions of section 1401.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Mr. Brown resided in Alexandria, Louisiana, at the time the petition was filed.

On September 28, 1993, Mr. Brown was arrested along with two other individuals in Lake Charles, Louisiana. At the time of his arrest, Mr. Brown was carrying $30,900 in currency. Law enforcement officials confiscated the currency as suspected drug money. On November 2, 1993, before the State of Louisiana had instituted formal judicial forfeiture proceedings, Mr. Brown

---

[1](...continued)
Practice and Procedure.

[2]On Mar. 18, 1996, respondent filed a report to the Court conceding that Mr. Brown was not liable for the accuracy-related penalty under sec. 6662(a).

filed a motion with the 14th Judicial District Court of Calcasieu Parish, Louisiana, for return of the seized property. On January 13, 1994, the State of Louisiana initiated a civil judicial forfeiture proceeding against the currency. Mr. Brown filed both an answer to the pending forfeiture and a claim for the return of the currency in early 1994. The forfeiture proceeding is still pending.

On September 23, 1993, Mr. Brown entered into a contract to purchase a townhouse in Houston, Texas. Pursuant to the contract, Mr. Brown made an earnest money deposit in the amount of $5,000. The closing was to take place on November 9, 1993. In the event that the buyer defaulted on the contract, the contract provided, in pertinent part:

> If Buyer fails to comply with this contract, Buyer shall be in default, and Seller may either (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the Earnest Money as liquidated damages, thereby releasing both parties from this contract. * * *

Mr. Brown was unable to close due to the seizure of the $30,900, which he planned to use to purchase the townhouse. Mr. Brown reported the $5,000 deposit as a loss on his 1993 Federal income tax return. In 1994, Mr. Brown recovered the $5,000 deposit and reported it as income on his 1994 Federal income tax return.

In August 1993, Mr. Brown purchased a 1985 Cadillac DeVille

from Richard Kellogg for $3,000.  Sometime thereafter, Alice Faye Lotts, who cohabited with Mr. Brown until early December 1993, filed for a change of title, making it appear as if she purchased the vehicle from Mr. Kellogg.  On or about December 9, 1993, Ms. Lotts filed a complaint with the police department alleging that the vehicle had been stolen.  Mr. Brown was arrested as a result of the complaint, and the vehicle was turned over to Ms. Lotts.  On or about December 14, 1993, Ms. Lotts, after having moved out of Mr. Brown's residence, returned to the residence and removed several items of personal property belonging to Mr. Brown.  Mr. Brown valued these items (including the vehicle) at $22,300 and deducted this amount as a theft loss on his 1993 Federal income tax return.

On July 29, 1994, Mr. Brown filed a civil lawsuit against Ms. Lotts seeking the return of his property.  Mr. Brown secured a default judgment against Ms. Lotts on November 14, 1994.  Mr. Brown has made efforts to collect on the judgment, including filing for a writ of execution in February 1995, and he is still attempting to recover the property.  Mr. Brown did manage to recover the vehicle in 1995, and he reported $3,000 in income on his 1995 Federal income tax return as a result of the recovery.

Mr. Brown reported a net profit of $41,600 on Schedule C (Profit or Loss from Business) of his 1993 Federal income tax return from his business as a wholesale distributor of audio equipment.  He did not file a Schedule SE or pay self-employment tax.

OPINION

Section 165(a) provides a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c) limits the deduction in the case of an individual to losses incurred in a trade or business or any transaction entered into for profit, casualty losses, and theft losses.

Before a loss may be claimed as a deduction, however, it must be evidenced by a closed or completed transaction. United States v. S.S. White Dental Manufacturing Co., 274 U.S. 398, 401 (1927); Ramsay Scarlett & Co. v. Commissioner, 61 T.C. 795, 807 (1974), affd. 521 F.2d 786 (4th Cir. 1975); sec. 1.165-1(b), Income Tax Regs. Thus, if there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, the loss is not deductible until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Estate of Scofield v. Commissioner, 266 F.2d 154, 159 (6th Cir. 1959), affg. in part and revg. in part 25 T.C. 774 (1956); Ramsay Scarlett & Co. v. Commissioner, supra; sec. 1.165-1(d)(2)(i) and (3), Income Tax Regs. This determination requires an objective inquiry into the facts and circumstances surrounding the loss as of the close of the taxable year in which the deduction is claimed. Boehm v. Commissioner, 326 U.S. 287, 292-293 (1945); Ramsay Scarlett & Co. v. Commissioner, supra at 811. In determining whether a taxpayer had a reasonable prospect for

reimbursement, the fact that the taxpayer filed a lawsuit to recover the deducted loss gives rise to an inference that he or she had such a prospect. Estate of Scofield v. Commissioner, supra; Ramsay Scarlett & Co. v. Commissioner, supra at 812-813.

The first issue is whether Mr. Brown is entitled to a loss deduction with respect to the $30,900 currency that was seized by Louisiana law enforcement officials pursuant to a civil forfeiture statute. Mr. Brown filed a motion to recover the currency in 1993, and formal civil forfeiture proceedings, which are still pending, were instituted in early 1994. We find that the fact that Mr. Brown took legal action in late 1993 and early 1994 indicates that he had a reasonable prospect of recovery at the end of 1993.

Furthermore, even if Mr. Brown had lost the forfeiture case and was required to forfeit the currency, he would be prohibited by public policy from claiming a loss deduction. There is a strong public policy against drug trafficking, and case law has established that any deduction for property forfeited under the forfeiture laws is precluded. Wood v. United States, 863 F.2d 417, 421 (5th Cir. 1989); Holmes Enters., Inc. v. Commissioner, 69 T.C. 114, 117 (1977); Holt v. Commissioner, 69 T.C. 75, 79-80 (1977), affd. 611 F.2d 1160 (5th Cir. 1980). Accordingly, we sustain respondent's disallowance of the $30,900 loss deduction.

The next issue is whether Mr. Brown is entitled to a loss deduction with respect to the $5,000 deposit on the townhouse.

Mr. Brown argues that because he was unable to close on the townhouse, he forfeited the deposit under the terms of the contract and, therefore, was entitled to claim a loss deduction.

However, this assumption is not supported by the terms of the contract. The contract provided that upon the buyer's default, the seller may either seek specific performance or any other relief provided by law or terminate the contract and keep the earnest money deposit as liquidated damages. Mr. Brown has not shown that the seller elected to keep the deposit as liquidated damages or even that the seller intended to enforce its contract claim against Mr. Brown. Indeed, Mr. Brown admittedly received the $5,000 back from the seller during the next taxable year. Accordingly, we find that Mr. Brown's breach of contract, in itself, was not a closed and completed transaction giving rise to a deductible loss.[3] See Lucas v. American Code Co., 280 U.S. 445, 450 (1930).

Next, we must determine whether Mr. Brown is entitled to claim a deduction for a theft loss in the amount of $22,300 for the property taken from him by Ms. Lotts. Mr. Brown filed a civil suit against Ms. Lotts in 1994, obtained a default judgment, and has pursued collection since then. Mr. Brown did, in fact, recover the vehicle from Ms. Lotts. We find that the

---

[3]We note, however, that because Mr. Brown reported the recovery of the $5,000 deposit as income in 1994, he overreported his taxable income in 1994 and may be entitled to a refund for that year.

fact that Mr. Brown undertook to litigate his claim against Ms. Lotts indicates that he had a reasonable prospect of recovery as of the end of 1993. The fact that the lawsuit was not actually filed until 1994 does not negate the inference that there was a recoverable claim for reimbursement during 1993. Dawn v. Commissioner, 675 F.2d 1077, 1078 (9th Cir. 1982), affg. T.C. Memo. 1979-479; see National Home Prods., Inc. v. Commissioner, 71 T.C. 501, 525-526 (1979).

Moreover, even if Mr. Brown established that there was a closed and completed transaction giving rise to a deductible theft loss, he has failed to establish the fair market value of the property stolen. The amount of a theft loss is equal to the lesser of (1) the fair market value, or (2) the adjusted cost basis of the property stolen. Sec. 1.165-7(b), 8(c), Income Tax Regs. The regulations further require that the fair market value be ascertained by competent appraisal. Sec. 1.165-7(a)(2), Income Tax Regs. Therefore, we sustain respondent's disallowance of Mr. Brown's claimed theft loss.[4]

Finally, we must determine whether Mr. Brown is liable for the self-employment tax under section 1401. Section 1401(a) imposes a tax on the self-employment income of every individual.

[4]Similar to Mr. Brown's recovery of his deposit in 1994, Mr. Brown reported the recovery of his vehicle in the amount of $3,000 in 1995. Thus, we note that Mr. Brown overreported his taxable income in 1995 and may be entitled to a refund for that year.

Self-employment income generally consists of the gross income derived by an individual from any trade or business, less allowable deductions.  Sec. 1402(a) and (b).  Mr. Brown bears the burden of proving that he is not liable for the self-employment tax.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Mr. Brown reported net taxable income from his business in 1993 and offered no proof that such income is not subject to the self-employment tax.  We, therefore, sustain respondent's determination that Mr. Brown is liable for the self-employment tax for the taxable year 1993.

<u>Decision will be entered for respondent with respect to the deficiency</u>.

<u>Decision will be entered for petitioner with respect to the accuracy-related penalty</u>.