**BACON v. HOPKINS, Collector of Internal Revenue.**

District Court, N. D. Texas, Dallas Division. June 26, 1928.

No. 3940.

1. **Internal revenue** ⊜27(2)—Husband and wife may divide year's income into two funds for income tax payments (26 USCA § 964a).

Husband and wife may divide the year's earnings, after lawful deductions, into two funds for purpose of income tax payments, rather than having entire community fund taxed to husband, in view of Act Feb. 26, 1926, § 1212 (26 USCA § 964a).

2. **Husband and wife** ⊜265—Texas wife has vested interest in estate during coverture (Const. Tex. art. 16, § 15).

In view of Const. Tex. art. 16, § 15, a wife during coverture has a vested interest in the community estate, and not a mere expectancy.

At Law. Action by C. W. Bacon against George C. Hopkins, Collector of Internal Revenue, to recover income taxes alleged to have been illegally collected. Judgment for plaintiff.

Thompson, Knight, Baker & Harris and Rhodes S. Baker, all of Dallas, Tex., Weeks, Morrow, Francis & Hankerson and Harry C. Weeks, all of Wichita Falls, Tex., and R. C. Fulbright, Baker, Botts, Parker & Garwood, and Palmer Hutcheson, all of Houston, Tex., for plaintiff.

N. A. Dodge, U. S. Atty., of Fort Worth, Tex., and Thomas H. Lewis, Jr., Sp. Atty., Internal Revenue Department, of Washington, D. C., for defendant.

ATWELL, District Judge. [1] This case grows out of a difference between the taxpayer and the taxgatherer over the meaning of the Revenue Law as to the joint income of the husband and wife, known to the law as community property. The plaintiff claims the right to divide the year's earnings, after lawful deductions, into two funds, one of which is his, and the other of which belongs to his wife, and to calculate the amount due the government upon each of these two smaller funds rather than upon the larger. Government agents maintain that the law means to tax such joint earnings as a unit.

The question would be much simpler, and, of course, probably would be no question at all, but certainly it would be much simpler, if the argument of the counsel for the government were supported by any word in the law showing a tax on the "community fund"; that is, upon the "unit" of community. The argument that is based on that thought is not only ingenious, but unsettling.

It is unsettling, because we all recognize that probably in this field the Congress is all-powerful within constitutional limits, and may not be circumscribed nor limited by any state rule; but, in the absence of any such compassing by the national lawmaking body, it seems to me that we must take the law as it is written, and as it is written that which belongs to an individual is the taxable "unit." In truth, the act itself differentiates "individuals" from "persons," de-

claring that "persons" include "individuals" and many other units.

Necessarily such language must mean that one shall pay a tax on that which belongs to one; also, necessarily, the residuum of the husband's and wife's community is the profit that remains after the expenditures for the year shall have been deducted, and in that result there is no uncertainty. The husband, by reason of his statutory supervision, has not expended that which remains at the conclusion of the year; that is the fund that belongs to the wife, and that is the fund that belongs to the husband. It is a joint ownership, and an equal ownership, even though the ownership is undivided, and even though he may have temporary supervision over it, and even though one may not say "this half is his," and "this half is hers." Nor do I think that the failure to completely emancipate in Texas has anything to do with the situation; she is more nearly emancipated here than in some other states, and even though, being not emancipated, she is still in slavery, I do not think that there is any such lack of individual ownership as robs her of hers, and him of his, at the moment of the fixing of the income tax.

[2] The vested interest of the wife during coverture, in the community estate, is fundamental in Texas. The Robbins Case (U. S. v. Robbins, 269 U. S. 325, 46 S. Ct. 148, 70 L. Ed. 285), with its troublesome paragraph at the conclusion, manifestly, I think, means what the government contends it means, namely, that Congress has the power to tax "community" as the husband's, but it has not done so. And, even though it was decided in the California case that Congress could do so, it has never been followed by a conception, much less by a birth.

Nor do I read section 1212 (26 USCA § 964a) as does the plaintiff, for this reason: Congress charged the individuals, and, having power to charge, it had the power to forgive. It forgave, in section 1212 of the act of 1926, something that it had theretofore charged against the income of individuals. Perceiving that the decision of the Supreme Court, in the Robbins Case, would work uncertainty as to the collections that had theretofore been made in California, a state where the wife's interest in the community is an expectancy, and might have the same result in the other seven states of alleged community difference from their sisters of the Union, it proceeded to wipe out any charge, or any probability that the government could go back there and collect from the people who had rendered in good faith, and made returns in good faith, under a procedure that was then being followed, something that might cause them great inconvenience, and might make an ugly situation. It is not thought that it has any other probative force.

Manifestly the Robbins Case did not decide this case. The facts are different. The hypothesis, if we call it that, with reference to the power of Congress, as I have already said, has not been followed by any harvest in, or from, Congress in that direction. It is well settled in Texas that there is a joint ownership of the fund that the agreed statement in this case sets forth as having been the subject of taxation. That fund belonged to Mr. and Mrs. Bacon jointly; not in expectancy, but vested. Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200; Zimpleman v. Robb, 53 Tex. 282; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139; Taylor v. Murphy, 50 Tex. 301; Patty v. Middleton, 82 Tex. 590, 17 S. W. 909; Wheat v. Owens, 15 Tex. 243, 65 Am. Dec. 164; Routh v. Routh, 57 Tex. 589; Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799; Stephens v. Stephens (Tex. Civ. App.) 292 S. W. 290; Jones v. State (Tex. Com. App.) 5 S.W.(2d) 973. The state Constitution divides the property of husband and wife into "separate" and "common." Article 16, § 15.

The collector optionally, and, as I hold, without authority in law, assessed it all against Mr. Bacon, and made him pay on $42,198.06, when under the Texas system, which stands as the system until the Congress of the United States sees fit to establish another system for community estates, should have paid only upon $21,099.03. The amount which he thus unjustly paid was $1,975.57, for which a judgment may be entered.