**HOPKINS, Collector of Internal Revenue, v. BACON.***

**No. 5479.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 28, 1930.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellant.

Rhodes S. Baker, of Dallas, Tex., Harry C. Weeks, of Wichita Falls, Tex., and R. C. Fulbright and Palmer Hutcheson, both of Houston, Tex. (Thompson, Knight, Baker & Harris, of Dallas, Tex., Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex.,

*Certiorari granted 50 S. Ct. —, 74 L. Ed. —.

652

and Fulbright, Crooker & Freeman and Baker, Botts, Parker & Garwood, all of Houston, Tex., on the brief), for appellee.

Monte M. Lemann and Chas. E. Dunbar, Jr., both of New Orleans, La., as amici curiæ, for Louisiana taxpayers.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that C. W. Bacon and his wife are citizens of Texas and domiciled therein. The laws of Texas provide for the matrimonial community. They made separate returns of the income of the community for the year 1927. The Commissioner of Internal Revenue held that the entire income should have been returned by the husband and determined a deficiency of $1,951.88, which was paid under protest, and suit was brought to recover it back. The District Court held in favor of appellee and rendered judgment accordingly.

There is no doubt, as will appear from the well-considered opinion of the District Court, Bacon v. Hopkins, 27 F.(2d) 140, and the authorities therein cited, that under the law of Texas the wife has a vested interest and not a mere expectancy in the community property. This is the controlling principle in determining whether the wife may file a separate return for her share of the community income. We have fully stated our views on this question in the case of Bender v. Pfaff, 38 F.(2d) 649, decided to-day, and need not repeat them in this case. No other question is presented.

Affirmed.