BILL DOUG HOLT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

GAIL E. HOLT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4354–76, 4355–76.    Filed October 25, 1977.

*Towner Leeper,* for the petitioners.
*Charles N. Woodward,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined the following deficiencies in petitioners' Federal income taxes:

| Petitioner | Year | Deficiency |
|---|---|---|
| Bill Doug Holt | 1972 | $59,403.82 |
| Gail E. Holt | 1972 | 77,577.65 |

Certain concessions having been made, the only issue remaining is whether petitioners are entitled to a deduction under section 162[1] or section 165 for assets seized from and forfeited by petitioner Bill Doug Holt for possession of marijuana with intent to distribute for remuneration.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioners were husband and wife during the taxable year 1972 and resided in El Paso, Tex., at the filing of the petitions herein. Petitioners timely filed their 1972 income tax returns with the Internal Revenue Service Center in Austin, Tex. They filed their returns as "married, filing separately." On December 19, 1974, petitioner Gail Holt filed an amended 1972 income tax return with the Internal Revenue Service Center in Austin, Tex.

During the taxable year 1972, Bill Doug Holt was engaged in the trade or business of purchasing, transporting, and selling marijuana. During that year, he made four successful trips transporting marijuana from the Texas-Mexico border to Atlanta, Ga. On each trip, he carried 1 ton of marijuana to Atlanta where it was sold. Unfortunately for petitioner, his fifth attempted trip was unsuccessful, and he and his associates were arrested. They were charged with five counts of possessing

---

[1]Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended.

marijuana for sale and with conspiracy to possess and transport marijuana. Holt later pled guilty to the charges of conspiracy to possess marijuana with the intent to distribute it for remuneration. He was sentenced to 10 years imprisonment and fined $30,000. The term was reduced to 5 years when the fine was paid.

At the time of Holt's arrest, the following assets, owned by him, were seized:

| Assets | Adjusted basis |
|---|---|
| 1972 3/4-ton pickup truck, serial number F25hrm86511 | $4,953.50 |
| 1972 Felp 4-horse trailer, New Mexico title number 10902416, identification number 15676 | 2,000.00 |
| Cash | 4,575.00 |
| One ton of marijuana | 35,000.00 |

The pickup truck and the horse trailer were forfeited pursuant to 49 U.S.C. secs. 781–788 (1970). The 1 ton of marijuana was confiscated pursuant to 21 U.S.C. sec. 881 (1970). The cash has been credited to Holt's income tax liability for 1972.

It has been stipulated that during 1972, Holt's gross receipts from the sale of marijuana totaled $780,000. Respondent allowed the following deductions in determining petitioners' net incomes:

| | |
|---|---|
| Cost of goods sold (marijuana) | $280,000 |
| Sales commissions | 320,000 |
| Driver's expenses | 40,000 |
| Legal and professional fees | 32,250 |
| Bad debts | 5,000 |
| Bonds | 4,500 |

All parties agree that the net income realized from Holt's marijuana trafficking business during 1972 constitutes community income, taxable one-half to petitioner Bill Doug Holt and one-half to petitioner Gail E. Holt. See *Hopkins v. Bacon*, 282 U.S. 122 (1930), affg. 38 F.2d 651 (5th Cir. 1930).

The only issue remaining is whether petitioners may deduct the adjusted bases of the forfeited truck and horse trailer and the confiscated marijuana. Petitioners are attempting to take the deductions under either section 162 or section 165. Respondent disallowed the deductions because they were not "ordinary and necessary" business expenses and because, under section 162(f) and common law, it is against public policy to allow such deductions. There is no dispute over the deductibility of marijuana actually sold by Holt. It is not clear, however, whether

petitioners contend that the confiscated marijuana is deductible from gross receipts as cost of goods sold in arriving at gross income for 1972. In any event, it is not deductible as such. The marijuana was confiscated, not sold. See *Fuller v. Commissioner*, 213 F.2d 102, 105 (10th Cir. 1954), affg. 20 T.C. 308, 316 (1953); sec. 1.61–3(a), Income Tax Regs.

Initially we note that there is an ostensible inconsistency in the respondent's actions. He has allowed a tax credit for cash seized by the Government when Holt was arrested; yet he has disallowed a deduction for the forfeited truck and horse trailer and the confiscated marijuana. However, respondent explains, and petitioners do not dispute, that neither 21 U.S.C. sec. 881 (1970), nor 49 U.S.C. sec. 782 (1970), provides for the forfeiture of cash used in connection with marijuana trafficking. Thus the cash seized by the Government was credited to petitioners' taxes only because the cash could not as a matter of law be forfeited.

Again, petitioners are attempting to deduct the confiscated and forfeited properties either as ordinary and necessary business expenses under section 162(a) or as business losses under section 165(a) and (c)(1). We think that the items involved are properly characterized as loss items and would be deductible, if at all, under section 165.

The distinction between losses and expenses has generally been regarded as self-evident. See 4A J. Mertens, Law of Federal Income Taxation, sec. 25.15 (1972 rev.). The distinction is found primarily in the nature and occasion of the expenditure. See *Hubinger v. Commissioner*, 36 F.2d 724, 726 (2d Cir. 1929), cert. denied 281 U.S. 741 (1930). For example, in *United States v. Winters*, 261 F.2d 675 (10th Cir. 1958), liquor used to entertain clients was presumptively treated as an expense item; while in *Fuller v. Commissioner*, 213 F.2d 102 (10th Cir. 1954), affg. 20 T.C. 308 (1953), liquor confiscated by authorities in a dry State was presumed to be a loss item. See also *Richey v. Commissioner*, 33 T.C. 272 (1959) (theft of $15,000 cash in a scheme to counterfeit treated as a *loss item); Levy v. Commissioner*, 30 T.C. 1315, 1330 (1958) (amount paid for rights to a story outline, which were subsequently abandoned, treated as *a loss, not an expense item*). We think the distinction in this case is equally self-evident. The confiscation and forfeitures resulted in losses, not expenses.

Petitioners argue that section 1.162–21(b)(1)(iv), Income Tax Regs.,[2] defines all forfeitures to be business expenses. The regulations clearly do not define forfeitures as expenses, much less as business expenses. Rather, they define as fines or similar penalties forfeitures of collateral posted in connection with a proceeding which could result in the imposition of a fine or penalty. Thus in certain limited situations the regulations equate forfeitures to fines or penalties. But they do not even touch upon the issue of whether the forfeitures in this case are losses or expenses. We hold that they are losses.

Section 165(a) allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual, the deduction is limited to losses incurred in the taxpayer's trade or business or in any transaction entered into for a profit and to certain casualty losses. Section 165(c). The losses for which petitioners are seeking deductions are undisputed in amount. It has also been stipulated that Holt was engaged in the trade or business of trafficking marijuana during the taxable year in issue. Thus the claimed losses fall squarely within the language of section 165(a) and (c)(1). Nevertheless, the deductions must be disallowed.

A loss deduction will not be allowed where the deduction would frustrate a sharply defined National or State policy. *Fuller v. Commissioner, supra; Mazzei v. Commissioner,* 61 T.C. 497 (1974); *Richey v. Commissioner, supra.* See generally 5 J. Mertens, Law of Federal Income Taxation, sec. 28.84 (1975 rev.). In *Fuller v. Commissioner, supra,* the taxpayer sought a loss deduction for whiskey confiscated by authorities in a dry State. State law had made the possession and sale of whiskey a crime. Although the loss fell within the explicit terms of section 23(e), I.R.C. 1939 (predecessor of sec. 165, I.R.C. 1954), the loss was disallowed for public policy reasons. Its allowance would have frustrated sharply defined public policies. (213 F.2d at 106.) We find that case to be controlling here.

There was in 1972 and is currently a sharply defined national policy against the sale of marijuana. This is most clearly

---

[2]Sec. 1.162–21(b)(1)(iv), Income Tax Regs., provides:

(b) *Definition.* (1) For purposes of this section a fine or similar penalty includes an amount—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(iv) Forfeited as collateral posted in connection with a proceeding which could result in imposition of such a fine or penalty.

evidenced by petitioner's plight. He was indicted for possessing marijuana for sale and for conspiracy to possess and transport marijuana. After pleading guilty to conspiracy charges, Holt was sentenced to 10 years imprisonment and fined $30,000. The truck and horse trailer used by Holt to transport the marijuana were forfeited because of such use. The primary purpose of such forfeitures is to cripple illegal drug trafficking and narcotics activities by depriving narcotics peddlers of the operating tools of their trade. See *United States v. One 1972 Datsun,* 378 F.Supp. 1200 (D. N.H. 1974). It would clearly be contrary to public policy to allow a deduction for such forfeitures.

The same is true with respect to the confiscated marijuana. If anything, the public policy reasons against allowing a loss deduction for confiscated marijuana are even greater. The forfeitures, confiscation, fines, and imprisonment of Holt are all aimed at stopping illegal drug trafficking. The marijuana is the very drug which is being proscribed. Clearly, it would be contrary to public policy to allow a deduction for the loss by petitioner of his contraband. See also *Fuller v. Commissioner, supra* at 105.

Petitioners argue, however, that under the Fifth Circuit Court of Appeals decision in *Edwards v. Bromberg,* 232 F.2d 107 (5th Cir. 1956), we are bound to allow the deductions sought. In *Bromberg,* the taxpayer sought a loss deduction for the theft of his money. The taxpayer had agreed to provide money to another individual in order to bet on a "fixed" horse race. The individual absconded with the taxpayer's money. After finding that there was no scheme to defraud anyone except the taxpayer himself, the court allowed the deduction.

We consider *Bromberg* to be inapposite. There has been no theft resulting in the losses here. Holt's properties were taken by the Federal government in the enforcement of its drug laws. There was no scheme to defraud Holt. The purpose of the forfeitures and confiscation is to cripple illegal drug trafficking. If the loss deductions were allowed in this case, the Government would in effect be carrying a portion of the loss inflicted by the Government on the petitioners because of Holt's illegal activities. Such a result would be absurd and was never contemplated by *Bromberg.*

Petitioners' reliance on *Commissioner v. Tellier,* 383 U.S. 687 (1966), is also misplaced. In *Tellier,* the taxpayer sought a

business expense deduction for legal expenses incurred in the unsuccessful defense of a criminal prosecution relating to his business. The Commissioner conceded that the expenses were "ordinary and necessary." The only question was whether the allowance of a deduction would frustrate public policy. The Supreme Court allowed the deduction.

No public policy is offended when a man faced with serious criminal charges employs a lawyer to help in his defense. That is not "proscribed conduct." It is his constitutional right. * * * In an adversary system of criminal justice, it is a basic of our public policy that a defendant in a criminal case have counsel to represent him. [383 U.S. at 694.]

In this case, however, public policy is directly offended by Holt's actions. Holt had no right, constitutional or otherwise, to transport marijuana. He did so at his own risk, and losses inflicted on him by the Government must be borne solely by him, not in part by the Government through a tax benefit.

Because we have found the forfeitures and confiscation to result in losses not allowable under section 165, we need not consider respondent's contention that the deductions should be disallowed under section 162(f).

*Decisions will be entered under Rule 155.*