FILIPPO GAMBINA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32716-85.          Filed October 20, 1988.

*Robert F. Katzberg,* for the petitioner.

*Vallerie Volesko* and *Nancy Chassman Rothbaum,* for the respondent.

## OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $71,460.40 in petitioner's Federal income tax for 1984, an addition to tax of $7,146.04 under section 6651(a)(1),[1] an addition to tax of $3,573 under section 6653(a)(1), and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment.

This case was submitted fully stipulated. The facts as set forth in the stipulation of facts and the accompanying exhibits are found accordingly.

Petitioner resided in Middle Village, New York, at the time the petition herein was filed.

On November 14, 1984, pursuant to an arrest and search warrant founded on a complaint that petitioner conspired with other defendants to distribute, and possess with intent to distribute, cocaine in violation of 21 U.S.C. sections 812, 841(a)(1), 841(b)(1)(A), and 846 (1982), representatives of the Drug Enforcement Administration seized at petitioner's residence $143,912 in cash, a .22 caliber revolver, and two safes containing assorted jewelry and a small quantity of heroin.[2] In the deficiency notice for 1984, respondent determined that petitioner had gross income of $153,978, consisting of the $143,912 cash seized plus $10,066 estimated cost of living, was entitled to a $1,000 exemption based upon status as married, filing separately, was liable for self-employment tax on the aforesaid $153,978, and was subject to additions to tax as previously set forth herein.

Petitioner does not contest respondent's determinations, including the additions to tax, except with respect to the inclusion of the $143,912 cash in gross income.[3]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner's opening brief reveals that petitioner was subsequently indicted and pled guilty to various narcotics violations and forfeited all of the cash.

[3]Nor does petitioner argue that respondent has the burden of coming forward with evidence connecting petitioner with an income-producing activity—an argument we would have rejected. See *Schad v. Commissioner,* 87 T.C. 609 (1986), affd. without published opinion 827 F.2d 774 (11th Cir. 1987); *Tokarski v. Commissioner,* 87 T.C. 74 (1986); *Shriver v. Commissioner,* 85 T.C. 1 (1985), affd. without opinion (7th Cir. 1986). We also note that respondent was entitled to include an amount in petitioner's gross income representing cost of living. *Burgo v. Commissioner,* 69 T.C. 729, 749 (1978). Similarly, petitioner would not be entitled to a loss

Petitioner's sole contention is that by virtue of 18 U.S.C. section 1963(c) (part of what is commonly termed RICO), he never owned the cash. That section provides that, in respect of forfeited property "All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section." 18 U.S.C. sec. 1963(c) (Supp. III 1986).

Based upon the statute, petitioner argues that the cash never came into his possession, custody, or control and that therefore *James v. United States,* 366 U.S. 213 (1961), and its progeny holding that gain from illegal activity is includable in gross income are not applicable. We disagree.

Initially, we note that there is nothing in the legislative history of 18 U.S.C. section 1963(c) which indicates that Congress intended that a taxpayer whose property is forfeited should be relieved of the income tax consequences that would have attached without said forfeiture. Indeed, that history clearly reveals that by the relation-back provision, Congress intended to maximize the financial benefit of forfeiture to the United States as against third parties who, prior to the forfeiture, had acquired the fruits of the taxpayer's criminal activities other than in a bona fide transaction. S. Rept. 98-225, at 200-201 (1983), reprinted in 4 U.S. Code Cong. & Adm. News 3182, 3383-3384 (1984). See *United States v. Ianello,* 621 F. Supp. 1455, 1476 (S.D.N.Y. 1985), affd. 808 F.2d 184 (2d Cir. 1986). To permit a taxpayer to reduce the fruits of a forfeiture by excluding the amount thereof from gross income would not be consistent with that purpose. Similarly, such an exclusion would have the same effect as allowing a deduction for the amount of the forfeiture—a deduction which has been denied on the ground that it would frustrate public policy. *Holt v. Commissioner,* 69 T.C. 75, 78-79 (1977), affd. per curiam 611 F.2d 1160 (5th Cir. 1980).[4]

In sum, despite the fact that petitioner will be subjected to both forfeiture and taxation (see *Schad v. Commissioner,* 87 T.C. 609, 623 (1986), affd. without published opinion 827

deduction for the forfeiture of the cash. *Holt v. Commissioner,* 69 T.C. 75, 78-79 (1977), affd. per curiam 611 F.2d 1160 (5th Cir. 1980); *Gillan v. Commissioner,* T.C. Memo. 1988-321.

[4]See also *Gillan v. Commissioner,* T.C. Memo. 1988-321.

F.2d 774 (11th Cir. 1987)), we reject petitioner's position, as the U.S. District Court has done in *Wood v. United States,* 693 F. Supp. 452 (E.D. La. 1988) (which dealt with the Federal income tax effects of 21 U.S.C. section 881(h) and its nearly identical relation-back provision[5]) and sustain respondent's determination that the forfeited cash is includable in petitioner's gross income.[6]

*Decision will be entered for the respondent.*

---

[5]That subsection provides: "All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." 21 U.S.C. sec. 881(h) (Supp. III 1986).

[6]Petitioner has not raised any constitutional questions. Such being the case, we do not reach any such questions. See *Yagoda v. Commissioner,* 39 T.C. 169, 184 (1962), affd. on other issues 331 F.2d 485 (2d Cir. 1963); see also *Wood v. United States,* 693 F. Supp. 452 (E.D. La. 1988).