DENNIS J. PRING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pring v. Commissioner
Docket No. 11452-85
United States Tax Court
T.C. Memo 1989-340; 1989 Tax Ct. Memo LEXIS 336; 57 T.C.M. (CCH) 958; T.C.M. (RIA) 89340; July 17, 1989
Richard L. Carico and John M. Bekins, for the petitioner. Mary E. Jansing and Alison W. Lehr, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a termination assessment under section 6851(a), [1] respondent determined petitioner's Federal income tax liabilities for 1977 through 1980. After the termination assessment, respondent issued a timely notice of deficiency and determined deficiencies in petitioner's Federal income tax liabilities as follows: Additions to Tax, Secs.
Year
Deficiency
6651(a)(1)
6653(a)
6654(a)
1977
$ 21,104.00
$ 5,276.00
$ 1,055.00
$ 751.00
1978
6,582.00
1,646.00
329.00
210.00
1979
14,970.00
3,743.00
749.00
627.00
1980
312,528.00
76,980.00
15,626.00
19,360.00
*338 Petitioner has conceded respondent's determinations for 1977 through 1979. The issues for decision for 1980 are: (1) Whether the value of property petitioner forfeited to the United States under 21 U.S.C. sec. 881 (1976) should be charged to petitioner as taxable income; (2) if so, whether petitioner is entitled to a business loss deduction under section 165 for the value of the forfeited property; (3) if petitioner is not entitled to the loss deduction, whether petitioner is entitled to the tax rate allowable under section 1348(a) for "personal service" income; and (4) whether the addition to tax under section 6654(a) can be waived by respondent. FINDINGS OF FACT Many of the facts have been stipulated and are so found. At the time the petition was filed, petitioner was incarcerated at the Federal Prison in Lompoc, California. On October 28, 1982, petitioner pled guilty to and was convicted of possession with intent to distribute cocaine in violation of Federal law. Petitioner did not file a Federal individual income tax return for the years 1974 through 1980. In 1980, petitioner lived with his wife, Robin Hale Pring, in a house he had purchased *339 with his father, John Pring. Petitioner made a $ 21,500 cash downpayment when the house was purchased. On February 10, 1980, Drug Enforcement Administration ("DEA") agents arrested petitioner. Within a few hours after petitioner's arrest, DEA agents conducted a legal search of the house petitioner and his father had purchased and in which petitioner lived. Petitioner was present during the search. While conducting the search, the agents discovered a locked closet. The agents opened the closet with a key from petitioner's key ring. Inside the closet was a locked combination floor safe and a file cabinet. Petitioner told the agents the combination of the safe. When the agents opened the safe and file cabinet, they discovered large amounts of cash and cocaine. The agents also searched the rest of petitioner's house. They found in the house approximately $ 242,000 in cash, and 3,679.50 grams of cocaine. Respondent determined the wholesale cost of the cocaine to be $ 176,616. The agents seized the cash and cocaine, and petitioner subsequently forfeited the property to the United States under 21 U.S.C. sec. 881 (1976). Using a combination of the cash on *340 hand and cash expenditures method of proof, respondent determined that petitioner had underreported income for 1980 of $ 473,205 and respondent determined the deficiency for 1980 of $ 312,528. Respondent charged the following items to petitioner as income: (1) The $ 241,982 in cash found in petitioner's house and on his person; (2) a $ 4,000 cashier's check found in the house; (3) $ 4,607.35 seized from petitioner's bank account; (4) the $ 176,616 estimated wholesale cost of the cocaine found in the house; and (5) the $ 46,000 cost to petitioner of real estate purchased. OPINION Ownership of Seized Property
Petitioner first challenges respondent's determination that he owned the seized cash and cocaine. He argues that he did not own nor did he have sufficient control over the property prior to the forfeiture to be regarded as having derived economic value or income from the property. Petitioner argues that most of the cash and cocaine was owned by drug dealers who had paid him merely to store it in his house. Petitioner also argues that it was apparent from his life style that he did not own the majority of the cash and cocaine. Petitioner argues in the alternative *341 that because the seized property (i.e., the cash and cocaine) was subject to immediate forfeiture, for tax purposes, he should not be regarded as owning it. Respondent contends that petitioner failed to present any credible evidence to prove that he did not own the seized property. Respondent also argues that regardless of the forfeiture, the value of the property is includable in petitioner's gross income under the broad reach of section 61. We agree with respondent. Under section 61, gross income includes "all income from whatever source derived." The Supreme Court has held that whenever a taxpayer acquires wealth and has such control over the property "that, as a practical matter, he derives readily realizable economic value from it," the taxpayer is regarded generally as having received income and is liable for tax on the income. James v. United States,366 U.S. 213, 219 (1960), citing Rutkin v. United States,343 U.S. 130, 137 (1952); Wood v. United States,863 F.2d 417, 419 (5th Cir. 1989). Based on the evidence at trial, we *342 find that petitioner owned the seized property prior to forfeiture and further that the forfeited property is includable in petitioner's income. Gambina v. Commissioner,91 T.C. 826 (1988). The property was seized in petitioner's house. Petitioner possessed a key that unlocked the door to the closet, and he knew the combination to the safe where most of the cash and cocaine was stored. Petitioner admitted to and was convicted of possession with intent to distribute cocaine. Petitioner failed to call witnesses (namely, his wife and father), who might have been able to corroborate his allegations regarding the drug traffickers. In explanation for his failure to call these witnesses, petitioner states that he and his family feared they would be harmed or killed if they testified and disclosed the identities of the drug traffickers. Petitioner's failure, however, to call the witnesses gives rise to an inference that their testimony would have been unfavorable to petitioner. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 523 (10th Cir. 1947). We also reject petitioner's argument that his *343 life-style was inconsistent with the amount of taxable income determined by respondent. As stated in Lopez v. Internal Revenue Service, 614 F. Supp. 1332, 1335 (E.D. N.Y. 1985), a discrepancy between the amount of cash seized from a drug trafficker and his apparent life-style may simply imply that the drug trafficker is hiding the cash rather than displaying it. We conclude that petitioner owned the cash and cocaine and that respondent properly charged petitioner with taxable income with respect thereto. Gambina v. Commissioner, supra at 828-829; Wood v. United States, supra at 419. Loss Deduction
The second issue for decision is whether petitioner is entitled to a business loss deduction under section 165 with respect to the forfeited property. Under 21 U.S.C. sec. 881(a) (1976), controlled substances and money used or to be used to purchase controlled substances are subject to forfeiture in favor of *344 the United States. Under section 165(a), ordinary loss deductions are allowed for uncompensated losses incurred in transactions entered into for profit. Courts, however, uniformally have disallowed section 165 loss deductions where the deductions arise from transactions that violate strong public policy. Tank Truck Rentals, Inc. v. Commissioner, 356 U.S. 30, 35 (1958); Holmes Enterprises, Inc. v. Commissioner, 69 T.C. 114, 117 (1977); Holt v. Commissioner, 69 T.C. 75, 79 (1977), affd. per curiam 611 F.2d 1160 (5th Cir. 1980). [2]
In Wood v. United States, supra at 421, 422, the Fifth Circuit concluded that because of the strong public policy underlying the Federal forfeiture penalty and against drug trafficking, drug dealers should not be allowed loss deductions for property forfeited to the United States under 21 U.S.C. sec. 881 (1976). Petitioner notes that before 1982 the Code was silent as *345 to whether loss deductions were allowable with respect to property forfeitures relating to illegal drug activities. See sec. 280E. Petitioner, therefore, argues that in 1980 there could not have been a "sharply defined National or State policy" against loss deductions relating to drug forfeitures. Holt v. Commissioner, supra at 79. Respondent correctly argues that notwithstanding the Code's failure, as of 1980, to address specifically losses arising from drug forfeitures, court decisions had done so and routinely had disallowed such deductions. Holt v. Commissioner, supra at 80; Holmes Enterprises, Inc. v. Commissioner, supra at 117. We conclude that petitioner is not entitled to a section 165 loss deduction with respect to the property forfeited to the United States under 21 U.S.C. sec. 881(a) (1976). Personal Service Income
The third issue is whether income charged to petitioner with respect to the forfeited property constituted personal service income, so as to qualify petitioner for the tax rates available on earned income under section 1348, as in effect in 1980. In general, *346 section 1348 (and by reference section 911(b)) defines personal service income to be income from wages, salaries, personal services, and other sources with respect to which capital is not a material factor. In certain situations, income attributable to both personal services and capital also will qualify as personal service income. See sec. 1.1348-3(a)(3), Income Tax Regs.
Petitioner maintains that he received personal service income (namely, payments drug suppliers allegedly made to him for storing drugs in his house and commissions for selling drugs on behalf of dealers). Respondent argues that the income petitioner received from the sale of large amounts of illegal drugs is attributable solely to capital and not to personal services. On the record before us, we conclude that only capital and not personal services was the material income-producing factor in petitioner's drug activities. Strauser v. United States, 535 F. Supp. 957, 961-962 (N.D. Ill. 1982). The only apparent assets used in petitioner's drug activities were his house, the *347 cocaine inventory, and cash. Petitioner is not entitled to the tax rates available under section 1348(a). Addition to Tax
The last issue is whether respondent's determination for 1980 of an addition to tax under section 6654(a) can be waived for reasonable cause. Petitioner argues that in 1980 it was impossible for him to make estimated tax payments on time, since the Government seized all of his cash before the payments were due. Petitioner, therefore, argues that the imposition of the section 6654(a) addition to tax is unfair and that respondent should waive this addition to tax due to reasonable cause. The addition to tax under section 6654(a) is to be determined by respondent where a taxpayer fails to make estimated tax payments. As in effect for 1980, no provision for a waiver of the addition to tax is made in the statute, and under section 1.6654-1(a), Income Tax Regs., the addition to tax is mandatory and cannot be waived due to reasonable cause. Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980); Estate of Reuben v. Commissioner, 33 T.C. 1071, 1072 (1960). *348 In Estate of Reuben v. Commissioner, supra at 1072, we held that an addition to tax under section 6654 for failure to make estimated tax payments is mandatory and that "extenuating circumstances are irrelevant." Grosshandler v. Commissioner, supra at 21. With respect to 1984 and subsequent years, respondent does have the authority in certain cases to waive the addition to tax for an individual's failure to pay estimated income tax. Section 6654(e)(3); Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 793. We sustain respondent's determination under section 6654(a). Respondent also has moved to strike petitioner's testimony on the grounds that on cross examination petitioner refused to answer many questions concerning his drug-related activities. On the facts of this case, and in light of our resolution of the other issues in respondent's favor, we deny respondent's motion. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years at issue.↩
2. See also Gillan v. Commissioner, T.C. Memo. 1988-321↩.