PHILIP VASTA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vasta v. Commissioner
Docket No. 30840-87
United States Tax Court
T.C. Memo 1989-531; 1989 Tax Ct. Memo LEXIS 531; 58 T.C.M. (CCH) 263; T.C.M. (RIA) 89531; September 27, 1989
Richard H. Champion, for the petitioner. Robert N. Trgovich, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 3,654,711.00 in petitioner's Federal income tax for the year 1986 and additions to tax of $ 913,678.00 under section 6661, [1] $ 176,827.66 under section 6654(a), and $ 1,827,355.50 and 50 percent of interest on the underlying deficiency under section 6653(b). Respondent has conceded the additions to tax under sections 6653(b). In his answer, respondent asserted as an alternative to the section 6653(b) additions to tax that petitioner was liable for additions to tax under sections 6651(a)(1) and 6653(a). The remaining issues for decision are whether petitioner had unreported income from illegal drug activities during the year in issue and what additions to tax, if any, are appropriate. All of the facts have been stipulated, and the stipulation of facts and *533 the attached exhibits are incorporated herein by reference. At the time of the filing of the petition herein, petitioner was incarcerated and maintained his legal residence at the Federal Correctional Institution in Petersburg, Virginia. At all times since the date of his arrest, January 8, 1986, petitioner has been incarcerated either pending trial or serving his sentence. From January 1, 1985, until January 8, 1986, petitioner was in the business of possessing with intent to distribute, distributing, and selling illegal narcotics at a profit. On January 8, 1986, petitioner was arrested by Federal agents of the Drug Enforcement Administration on drug and other charges. Incident to petitioner's arrest and pursuant to a search warrant, the following items were seized at 408 Argyle Road, Mineola, New York: (a) $ 5,549,653 in United States currency, (b) 6 kilograms of cocaine (having a minimum wholesale value of $ 100,000), and (c) 6 kilograms of heroin (having a minimum wholesale value of $ 1,200,000). An additional $ 10,000 cash was seized from petitioner at the time of his arrest. On January 8, 1986, prior to his arrest, petitioner went to 408 Argyle Road and removed approximately *534 1/2 kilogram of heroin and $ 250,525 cash which he transferred to third persons. Petitioner had dominion and control over the above items. During the taxable year 1986, petitioner had gross receipts of $ 7,320,240 from the illegal sales of narcotics. On February 27, 1986, respondent issued a Notice of Termination Assessment of Income Tax to petitioner. The Notice stated that petitioner's taxable year was terminated on January 8, 1986, and that on the basis of the currency and narcotics seized during the search, there was tax due in the amount of $ 3,654,711. On April 16, 1986, petitioner filed a civil action in the United States District Court for the Eastern District of New York to contest the termination assessment. The validity of the assessment was sustained. Separately, on March 12, 1986, the United States filed a forfeiture action in the United States District Court for the Southern District of New York against the currency seized from petitioner and a codefendant at the time of their arrest and against the currency seized at 408 Argyle Road. On or about June 25, 1986, petitioner filed a claim in the forfeiture proceeding requesting that the tax attributable to the *535 termination assessment be paid over to respondent from the currency subject to forfeiture. The United States refused to join petitioner in this effort and opposed petitioner's motion that respondent be made a party in the forfeiture action. On August 29, 1986, petitioner's motion to join respondent as a party to the forfeiture action was denied, and on October 20, 1986, all of the seized currency was ordered forfeited to the United States. On August 26, 1986, petitioner was indicted on the charges of conspiracy and distribution of controlled substances. On January 14, 1987, petitioner was convicted of narcotics conspiracy in violation of 21 U.S.C. sections 812 and 841. In addition, petitioner pled guilty to one count of distributing cocaine and one count of distributing heroin, both in violation of 21 U.S.C. sections 812 and 841. On June 15, 1987, respondent issued a notice of deficiency to petitioner which was essentially identical to the Notice of Termination Assessment. Petitioner filed Federal income tax returns (Form 1040) for 1983 and 1984. Petitioner did not file a Federal individual income tax return for 1986. Petitioner *536 was aware at all relevant times that he was obligated to file a Federal individual income tax return if his income exceeded $ 1,080. Petitioner did not seek an extension of time to file his 1986 return, and no extension of time was granted by respondent. Petitioner made no estimated tax payments in 1986. At the outset, we note that petitioner has stipulated to $ 7,320,240 of gross receipts during the taxable year at issue. However, at no point herein does he claim any allowance for cost of goods sold as to which, in any event, there is no evidence of record. [2] Similarly, petitioner makes no claim that any portion of this amount was received in a prior taxable year, nor is there any evidence of record that such was the case. Petitioner has the burden of proof as to the underlying deficiency and the additions to tax other than those asserted in the amended answer as to which respondent has that burden. Rule 142(a). The fact that the case is fully stipulated does not relieve either party of his burden of proof. Rule 122(b); Service Bolt & Nut Co. v. Commissioner, 78 T.C. 812, 819 (1982), *537 affd. 724 F.2d 519 (6th Cir. 1983). We further note that, although only the cash was the subject of the forfeiture action in the United States District Court, it would appear that the same result was obtained at the time of seizure with respect to the cocaine and heroin pursuant to 21 U.S.C. section 881(f) (Supp. IV 1986), which provides that such controlled substances "shall be deemed contraband and seized and summarily forfeited to the United States." In any event, we are satisfied that, for the purposes of our decision herein, the same principles apply to both the cash and the cocaine and heroin. Petitioner first argues that, because the receipt, forfeiture of currency, and seizure of controlled substances occurred in the same calendar year, he "realized no income on which he was required to return a tax." In essence, his argument is that the 8 *538 days in January 1986 during which he had possession of the items in question did not constitute the requisite dominion and control to justify taxing him under James v. United States, 366 U.S. 213 (1961), and its progeny. His position is without merit. That dominion and control may have been exercised only over a short period is irrelevant, as the Fifth Circuit Court of Appeals stated in Wood v. United States, 863 F.2d 417, 419 (5th Cir. 1989), affg. 693 F.Supp. 452 (E.D. La. 1988): "The legal test for taxable income is dominion and control, and that test in its terms excludes consideration of what happens to income after it flows from the taxpayer's hands." We also reject petitioner's further argument that, even if he had dominion and control, he is entitled to the benefit of the exception in United States v. Merrill, 211 F.2d 297, 304 (9th Cir. 1954), to the claim of right doctrine, enunciated in North American Oil v. Burnet, 286 U.S. 417 (1932), because the seizure and forfeiture constituted alleviating events which occurred in the same taxable year as the receipts giving rise to the income. *539 The claim of right doctrine simply has no application where property is obtained by virtue of a violation of criminal law. See McKinney v. United States, 574 F.2d 1240, 1242-1243 (5th Cir. 1978), explaining James v. United States, supra; cf. Wood v. United States, supra at 419-420, holding section 1341 inapplicable to embezzled funds. The annual accounting concept enunciated in North American Oil v. Burnet, supra , is equally inapplicable. See Quinn v. Commissioner, 524 F.2d 617, 625 (7th Cir. 1975), affg. 62 T.C. 223 (1974) ("The concept of annual accounting * * * should only affect the timing of tax consequences * * * not the nature of the consequences"). Moreover, the foundation for the exception rests, at a minimum, upon consensual recognition of an obligation to repay within the same year as the embezzlement, see Buff v. Commissioner, 58 T.C. 224 (1972), revd. 496 F.2d 847 (2d Cir. 1974), and the allowance of the repayment as a deduction. *540 See Wood v. United States, supra.[3] Clearly, no consensual recognition of an obligation to repay is present herein and, equally clearly, no deduction for any loss because of seizure or forfeiture is allowable. Wood v. United States, supra; Holt v. Commissioner, 69 T.C. 75, 78-79 (1977), affd. per curiam 611 F.2d 1160 (5th Cir. 1980). Petitioner also argues that he had no taxable income by reason of 21 U.S.C. section 881(a)(1) (1982), which provides that no property right shall exist in controlled substances acquired in violation of law. The same argument was made and specifically rejected by the district court in Wood v. United States, supra, and the Fifth Circuit Court *541 of Appeals affirmed stating "the test for taxable income is not title." 863 F.2d at 419. We rejected a similar argument in Gambina v. Commissioner, 91 T.C. 826 (1988), where we held that cash seized and forfeited under the comparable provisions of 18 U.S.C. section 1963(c) (Supp. III 1986) (part of what is commonly termed RICO) constituted taxable income. Petitioner asserts that he should not be subject to the addition to tax under section 6654(a) for failure to pay estimated taxes because at all times he sought an order in the forfeiture proceeding that his tax liability might be satisfied from the seized currency. In support of his motion to join respondent, petitioner stated that he had no other assets other than the currency to satisfy the amounts asserted to be due. The district court denied petitioner's motion. The addition to tax under section 6654 is mandatory unless petitioner can place himself within one of the statutory exceptions. This section has no provision relating to reasonable cause, lack of willful neglect, or extenuating circumstances. Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980); *542 Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner's assertions do not fit him within any of the statutory exceptions; therefore, this addition to tax is sustained. Respondent also determined that there was a substantial understatement and that, consequently, petitioner was subject to an addition to tax under section 6661. Petitioner's position herein did not in 1986, and does not now, have the support of substantial authority under existing precedent. Therefore, petitioner is liable for this addition to tax. Respondent bears the burden of proof as to the additions to tax under sections 6651(a)(1) and 6653(a) since they were raised by way of answer. Rule 142(a). We find that respondent has met his burden with respect to these additions. Section 6651(a)(1) imposes an addition to tax where the taxpayer fails timely to file a return, unless such failure is due to reasonable cause and is not due to willful neglect. Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules or regulations. *543 Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has stipulated that he knew of the obligation to file a return if he had the requisite taxable income. Further, the Notice of Termination Assessment stated that petitioner was not relieved of his obligation to file a return for his usual annual accounting period. We think that respondent has made a prima facie case to support the imposition of additions to tax under sections 6651(a)(1) and 6653(a). It is clear that, during the 1986 taxable year, existing authority required that the amounts in question be includable in gross income without deduction or reduction on account of the seizure and forfeiture. Petitioner's reasons for non-filing and not paying the tax found to be due are insufficient to overcome respondent's prima facie case. Accordingly, we hold that respondent has carried his burden of proof. As was the case in Gambina v. Commissioner, supra, we are again aware of the fact that petitioner will be subject to both taxation and forfeiture *544 of the currency and drugs, a result that we have described as "Draconian." See Schad v. Commissioner, 87 T.C. 609, 623 (1986), affd. without published opinion 827 F.2d 774 (11th Cir. 1987). But that result is the consequence of petitioner's illegal activities. If persons in his position are to be afforded relief, it must come from the Congress, which has enacted legislation pointing in the opposite direction. Cf. sec. 280E. In order to reflect respondent's concession of the addition to tax under section 6653(b) and to permit computation of the additions to tax, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code as amended and in effect during the year in issue, and any Rule reference is to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 280E disallowing deductions and credits relating to drug trafficking does not appear to apply to inventory in determining cost of goods sold. S. Rept. 97-494 at 309 (1982). Moreover, we note that, at no time, has respondent argued the applicability of sec. 280E to the instant case.↩
3. We note that in Wood the Circuit Court of Appeals questions whether an embezzler would necessarily be entitled to a deduction in all cases. See Wood v. United States, 863 F.2d 417, 421 (5th Cir. 1989). Cf. Stephens v. Commissioner, 93 T.C. 108↩ (1989).