JAMES E. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 29685-88
United States Tax Court
T.C. Memo 1990-384; 1990 Tax Ct. Memo LEXIS 410; 60 T.C.M. (CCH) 254; T.C.M. (RIA) 90384; July 25, 1990, Filed Decision will be entered for the respondent. David B. Smith and Gregory B. English, for the petitioner. Lindsey D. Stellwagen, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined deficiencies of $ 40,442.08, $ 36,470.15, and $ 152,422.06 in petitioner's Federal income taxes for 1984, 1985, and 1986, respectively. Respondent also determined additions to tax for fraud as follows: Year
Section
Amount
1984
6653(b)(1)
$ 20,221.04
6653(b)(2)
50% of the interest due
on $ 40,442.08
6654
2,539.14
6661
10,110.52
1985
6653(b)(1)
$ 18,235.08
6653(b)(2)
50% of the interest due
on $ 36,470.15
6654
2,086.10
6661
9,117.54
1986
6653(b)(1)(A)
$ 114,316.54
6653(b)(1)(B)
50% of the interest due
on $ 152,422.06
6654
2,202.90
6661
38,105.52
All section references are to the Internal Revenue Code, as amended *412 and in effect for the years in issue. Petitioner has now conceded that he had unreported income from drug trafficking in the amounts determined by respondent, to wit, $ 101,084.74 in 1984, $ 93,020.10 in 1985, and $ 411,382.11 in 1986. Petitioner has also conceded that the underpayment in tax for each year is due to fraud and that the additions to tax under sections 6654 and 6661 apply. The sole issue for decision is whether petitioner is entitled to a deduction under section 165 based on property forfeited to the United States in 1988. All of the facts have been stipulated. Petitioner did not file income tax returns for any of the years in issue or for 1988. During those years, and at least from 1964 through 1988, petitioner was in the heroin business. Beginning in 1985, the Organized Crime Drug Enforcement Task Force developed information that petitioner was a large-scale heroin trafficker in Washington, D.C. Petitioner was arrested on February 6, 1988. On March 16, 1988, petitioner pleaded guilty to charges of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. sec. 841(a) (1989); evasion of 1984, 1985, *413 and 1986 income taxes in violation of 26 U.S.C. sec. 7201; and forfeiture of proceeds and traceable proceeds arising from the conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. sec. 853. Petitioner was sentenced to 35 years in prison and fined $ 150,000. As part of the plea agreement, petitioner agreed to forfeit to the United States 6 pieces of real property, 38 automobiles, various items of gold and jewelry, currency and coins, bank accounts, and a $ 10,666.70 insurance company check payable to petitioner. Petitioner acknowledges: The total value of the forfeited property is not known to counsel but is clearly very substantial. Much, if not most, of the forfeited property was counted by IRS as an asset increasing Smith's net worth or as a personal expenditure by Smith in the 1986 tax year for purposes of determining Smith's adjusted gross income. This is why Smith's adjusted gross income, according to the Service, balloons upward from minus $ 23,519 in 1982 to $ 90,937 in 1983, $ 138,548 in 1984, $ 122,154 in 1985 and $ 448,606 in 1986. [Fn. ref. omitted.] Smith readily *414 concedes that he has tax liability for the unreported income represented by the forfeited property despite the fact that, under the relation back doctrine, the government's legal title to the forfeited property vested at the time it was first acquired by Smith. Smith's primary contention is that he is entitled to a business loss deduction for the forfeited property under I.R.C. sec. 165. In our view, this issue is controlled by the line of cases dealing with embezzled funds. See James v. United States, 366 U.S. 213, 220 (1961) (if and when the victim recovers the embezzled funds there is "of course" a reduction in the embezzler's income); Murphree v. United States, 867 F.2d 883 (5th Cir. 1989) (president of corporation who misappropriated funds entitled to loss deduction on their return for the year in which misappropriated funds were involuntarily repaid); McKinney v. United States, 574 F.2d 1240, 1241 (5th Cir 1978), cert denied, 432 U.S. 1072 (1979); *415 Yerkie v. Commissioner, 67 T.C. 388 (1976); Rev. Rul. 65-254, 1965-2 C.B. 50. Because the forfeiture of property acquired in violation of the drug laws is the exact equivalent of restoring embezzled or misappropriated property to its rightful owner, the tax treatment of both situations should be the same. We are well aware of the fact that the Tax Court and the Fifth Circuit have recently rejected our position. Wood v. United States, 863 F.2d 417 (5th Cir. 1989); Gambina v. Commissioner, 91 T.C. 826 (1988); Bailey v. Commissioner, T.C. Memo. 1989-674 (Dec. 27, 1989). However, we respectfully disagree with the reasoning of these decisions and believe that they are wrongly decided. Even if this Court decides to follow these adverse precedents, petitioner had the right to have the D.C. Circuit pass on his legal contentions. Petitioner resided in Alexandria, Virginia, at the time his petition was filed. This case, therefore, is appealable to the Court of Appeals for the Fourth Circuit, absent stipulation to the contrary. Sec. 7482(b). Respondent *416 argues that the loss claimed by petitioner cannot be allowed because petitioner did not file a 1988 return and claim the loss in that year and did not raise a net operating loss carryback claim in his petition in this case. Respondent also argues that, under established case law, petitioner is not entitled to deduct a loss for the criminal forfeiture. Petitioner asks us to address significant issues of law while admitting that the amount of deduction that he is claiming cannot be determined. He neither proves nor offers to prove the value of the assets forfeited or the income received in 1988. Petitioner failed to prove the amount of his claimed loss. He presented no evidence upon which the Court might base an estimate. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).Even though petitioner undoubtedly suffered some loss, he has not proven that the amount of the loss exceeded the amount of income received in 1988 so as to produce a net loss that might be available as a carryback to 1985. Submission of the case fully stipulated does not relieve him of his burden of proof in this regard. *417 Rules 122(b) and 142(a), Tax Court Rules of Practice and Procedure. Certainly, he has not provided a record that would justify departure from the unanimous line of authority contrary to his position. See Wood v. United States, 863 F.2d 417, 420-422 (5th Cir. 1989); Gambina v. Commissioner, 91 T.C. 826 (1988); Holt v. Commissioner, 69 T.C. 75 (1977), affd. per curiam 611 F.2d 1160 (5th Cir. 1980); Bailey v. Commissioner, T.C. Memo. 1989-674; Pring v. Commissioner, T.C. Memo. 1989-340, on appeal (9th Cir., Oct. 16, 1989); Gillan v. Commissioner, T.C. Memo. 1988-321; Styron v. Commissioner, T.C. Memo. 1987-25.Compare section 162(f); Stephens v. Commissioner, 93 T.C. 108 (1989), revd. F.2d (2d Cir., June 11, 1990); Waldman v. Commissioner, 88 T.C. 1384, 1389 (1987), affd. 850 F.2d 611 (9th Cir. 1988). We decline to issue an advisory opinion. Regardless of the applicable rules of law, petitioner *418 has failed to prove either the amount of his claimed loss or the amount available for carryback to any year in issue. Decision will be entered for the respondent.